ELIZABETH BROWN, wife of JOHN F. CLEW, *v.* GEORGE L. BROWN, Executor.

*It is not necessary, in order to make an appeal suspensive, that the costs should be included in the amount of the bond.*
C. P., 575

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Benjamin & Micou,* for plaintiff. *D. N. Hennen,* for defendant and appellant.

OGDEN, J. (VOORHIES, J., absent.) The question involved is, whether, to render an appeal suspensive, under Art. 575 of the Code of Practice, the costs must be included in estimating the specific sum for which the judgment was rendered. The costs of suit are due to him in whose favor a judgment has been rendered, as a consequence of the judgment and without being claimed in the petition or mentioned in the judgment, and they are to be taxed when the judgment comes to be executed. C. P., Arts. 157, 551, 552.

It has not been the practice to include them in estimating the specific sum for which the judgment was rendered. In the case of *Ross* v. *Pagoud*, 2 L. R., 85, a judicial interpretation was given to the law on this subject, by which it was determined that the interest, accrued up to the rendition of the judgment, should be included as part of the judgment. If the costs had been considered as part of the judgment, the court would have said so; but so far as we are informed, such an interpretation was never before contended for, and the practice has been in conformity with that decision.

A bond being required, exceeding by one-half, the judgment, including interest accrued to the date of its rendition, the appellee is well secured under that interpretation, for the costs and all future interest.

Judgment is therefore affirmed with costs.