LAND, J.
This is a suit for damages alleged to have been sustained by reason of a wrongful injunction sued out by the defendants against the execution of a contract between the plaintiff and the police jury of the parish of Iberville, for the construction *783 of a new courthouse in the town of Plaque-mines.
One of the grounds of the defense was that the injunction lasted only 11 days, when it was dissolved on bond on the application of John Arthur and other defendants in the injunction suit. This defense was sustained by the judge a quo, and all evidence as to damages suffered after the dissolution of the injunction was excluded. There was judgment in favor of the defendants rejecting plaintiff’s demand, from which he has appealed.
The injunction was granted on July 11, 1905, and leave was granted to dissolve on bond on July 22, 1905. Plaintiffs in injunction moved for a suspensive appeal to the Supreme Court from the order' of dissolution. This motion was refused, and thereupon counsel for plaintiffs notified the court and opposing counsel that application would be made to the Supreme Court in due time for writs of mandamus and other remedies. On the same day the release bond was executed, accepted, and filed.
Plaintiffs in injunction presented a petition to the Supreme Court praying for writs of mandamus, prohibition, and certiorari, addressed to the trial judge, commanding him to send up a certified copy of the proceedings in the suit, to the end that their validity might be ascertained, and prohibiting said judge from doing anything further in executing the order dissolving the injunction on bond, and until judgment shall be pronounced by the Supreme Court on the regularity of his proceedings, and ordering the judge aforesaid to allow the relators a suspensive appeal from the order dissolving the injunction on bond.
The Supreme Court being in vacation, the petition of relators was presented to Mr. Justice Nicholls, who, after considéring the application, ordered the judge to send up a certified copy of the proceedings in the suit, and to show cause before the court on November 6, 1905, why the writs prayed for should not be granted; and further ordered that the parties in interest be notified, “and are to file briefs in support of their respective pretensions, claims, and positions.”
The respondent judge answered the rule to show cause, and the proceedings terminated on November 20, 1905, in a judgment reading as follows:
“It is therefore ordered, adjudged, and decreed that the restraining order herein issued be now rescinded, and that the relators’ application be rejected with costs.”
[1] The contention of defendants is that the injunction was dissolved on bond on July 22, 1905, and that the plaintiff from that date was not enjoined or restrained from executing the building contract.
We concur in that contention. The order granted by Mr. Justice Nicholls was that a certified copy of the proceedings be sent up, and that the judge and parties show cause why the writs prayed for should not be granted. As no writ was granted, it is impossible to apply the rules of practice applicable to writs of certiorari, prohibition, or mandamus, and the order itself did not enjoin or restrain the judge or parties from doing anything. Certiorari to send up or complete a record is not the writ provided for in the Code of Practice to set aside proceedings which are absolutely void. C. P. art. 857. Such a writ “concludes by enjoining upon the inferior judge to proceed no further in the ease, until judgment shall be pronounced on the regularity of his proceedings.” C. P. art. 856. But if judgment has been rendered and execution issued in the court below, the superior tribunal may arrest the execution by enjoining the party and the officer to proceed no further until the validi *785 ty of the proceedings has been pronounced upon. C. P. art. 856. In the ease at bar, the order for the dissolution of the writ on bond was executed before the defendant applied to the Supreme Court for writs of certiorari, prohibition, and mandamus. The contractor might have. been enjoined from executing the building contract; but no proceedings were taken against him, and he was left at liberty to prosecute the work of construction. Hence it cannot be said that the injunction, which had been released on bond, prevented him from executing the contract. No restraining order was issued by this court, but merely an order to send up a copy of the proceedings, and to show cause why the writs prayed for should not issue. The justice who signed the order was evidently of the opinion that the parties should be heard before the granting of any writ in the premises. The mere ordering up of a copy of the proceedings cannot be construed as a restraining order.
[2] Plaintiff’s claim for damages was based on the theory that he was enjoined and restrained from prosecuting his work from July 11 to December 16, 1905. The judge’s ruling restricted the claim to damages to the period between July 11 and July 22, 1905. Plaintiff had not prepared his evidence to prove the particular damages sustained between those dates, but he did not plead surprise and ask for a continuance. Plaintiff, about to proceed with the work of constructing the new courthouse, was doubtless damaged to some extent by the enforced delay of 11 days. But the evidence is not very satisfactory on a number of the items, and on the whole we are of opinion that the plaintiff should have been nonsuited.
It is therefore ordered that the judgment below be amended by dismissing the suit as in case of nonsuit, and as thus amended be affirmed; defendants to pay costs of appeal.