No. 2494
Second Circuit

---

THOMAS M. STEVENS v. OHIO OIL COMPANY

---

(November 4, 1925, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 160 (j).**
   The plaintiff, an injured employee suing under the Workmen's Compensation Law, Act No. 20 of 1914, must establish his case by the preponderance of evidence that he was disabled by the accident in question, the judgment must go to the defendant.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

R. L. Benoit, of Shreveport, attorney for defendant, appellee.

CARVER, J. Plaintiff sues for compensation under the Workmen's Compensation Law (Act 20 of 1914 and amendments), for 400 weeks on the basis of total disability to do work of a reasonable character produced by injuries received in an accident occurring while performing duties incidental to his employment by defendant.

The alleged injuries are: Pain in and weakness of the right knee caused by twisting and knocking the knee out of joint on three different occasions, namely: February 10, February 17 and February 21, 1924.

The defendant denies the first two accidents and admits the third, but claims that the injury was not serious, that plaintiff fully recovered from it on March 20, 1924, and that he has not suffered any disability by reason of it.

The district judge rejected plaintiff's demand, and he appeals.

The crucial question in the case is not whether the alleged accidents occurred but whether as a result of these accidents the plaintiff has been disabled from doing work of a reasonable character or is suffering other material injury.

On this question the only affirmative evidence is plaintiff's own testimony.

Against this is a mass of contrary evidence.

I.

Plaintiff did not cease work because of either one of the first two accidents.

After the third, he ceased work for twenty odd days but then resumed and worked steadily at full wages in different capacities, some of them hard jobs, for over ten months.

II.

Dr. Barrow, who took an X-ray picture on February 10, 1925; Dr. Petty, who treated plaintiff from February 27, 1924, until March 17, 1924, and who had the advantage of an X-ray picture made by Dr. Woolby on March 4, 1924, and Dr. Crain, who examined plaintiff for both sides on February 9, 1925, all say, in substance, that they can find nothing the matter with his knee, which seems normal and functions normally.

III.

On October 7, 1924, he was examined by Dr. Petty, who propounded written questions, which were answered by plaintiff over his own signature as follows:

"What serious sickness have you had? None.
"What injuries have you had? None.
"What operations have you had? None.
"Have you any physical weakness which you think might make it inadvisable for you to accept employment as offered? (If so, give details.) None."

IV.

Weaver, under whom plaintiff worked three or four days in the latter half of January, 1925; Ploss, who worked with plaintiff nine days in the last half of January, 1925, and Click, who saw and talked with plaintiff nearly every day for four or five months just prior to January 31, 1925, when plaintiff quit defendant's employment, testify, substantially, that they did not see plaintiff limp, that he made no complaint of his knee and that he did not hold back from his work or refuse to do it on account of his knee but did his work as well as the other workmen.

V.

When plaintiff quit, on January 31, 1925, he did not say it was on account of his knee, but told Charlton that he intended to go to Wichita Falls to obtain employment, and told Click that he did not like or did not get along with the "gang pusher". From Click and Charlton he obtained letters of recommendation reading as follows:

"Haynesville, La., February 2, 1925.
"To Whom It May Concern:
"The bearer, Mr. T. M. Stevens, has been employed by the Ohio Oil Company under my supervision for the past three years and I have found him to be a sober and steady workman and has done all of his work to my satisfaction; he is now leaving on his own accord.
(Signed) "E. B. CHARLTON,
"District Foreman, Pipe Line Division."

"Haynesville, La., February 2, 1925.
"To Whom It May Concern:
"This is to certify that Mr. T. M. Stevens has been in the employ of the Ohio Oil Company for the past three years as connection man, stock gauger, gauger and loading rack man, and his work has been satisfactory at all times.
(Signed) "S. A. CLICK."

Plaintiff's counsel invoke the principle decided in Jones vs. Powell Lumber Co., 156 La. 767, 101 South. 135, that the employers' liability act should be liberally construed in favor of employees and dependents, and the principle decided in Dick vs. Gravel Logging Co., 152 La. 999, 95 South. 99, that the scope of the act should be enlarged rather than restricted and its provisions liberally construed so as to include all services that can be reasonably said to come within them.

We are in accord with these expressions and the decisions of this court, we believe, are uniformly in harmony with them. But these principles relate only to the construction of the act. They do not apply

to' the question here, which is exclusively one of fact.

In view of the evidence recited above, we cannot say that the district judge erred in holding that the plaintiff had failed to make out his case by the preponderance of evidence required of all plaintiffs, those suing under the compensation law as well as others. The judgment of the lower court is affirmed.