No. ——

First Circuit

HARGROVE v. O'BANION

(May 4, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 729.**

Where there was no hearing of the real contest between the parties litigants in the District Court, the appellate court, having no appellate jurisdiction,

cannot pass upon the questions raised in the pleadings, but will remand the case for a trial on the merits.

Appeal from the Parish of Evangeline, Hon. B. H. Pavy, Judge.

Action by W. R. Hargrove, Jr., against J. D. O'Banion. There was a third opposition signed by Ed. L. Clark who obtained an injunction which was perpetuated by the District Court. Plaintiff appealed.

Injunction dissolved and case remanded to the District Court for trial on the merits.

Mark C. Pickerel, of Oakdale, attorney for plaintiff, appellant.

S. W. Gardner, of Ville Platte, attorney for defendant, appellee.

MOUTON, J.    January 31, 1921, J. D. O'Banion executed a special mortgage with the act de non alienando in favor of M. V. Hargrove on the following described property to secure the payment of $400.00 represented by four promissory notes, viz: All of the NE¼ of the NW¼ and the SE¼ of the NW¼ of section 22 containing 80 acres of land. This mortgage was recorded on February 7, 1921. On March 26, 1921, O'Banion gave a mortgage on 40 acres of the land above described, that is on the NE¼ of the NW¼ thereof in favor of Ed. L. Clark upon which some payments were subsequently made. This mortgage in favor of Clark was recorded on March 26, 1921. It therefore bears on the one-half of the property as a mortgage second in rank to that granted to M. V. Hargrove which covered the whole tract of 80 acres. The four notes executed by O'Banion in favor of M. V. Hargrove were each for one hundred dollars, and were made payable to his order. They bear the blank endorsement of M. V. Hargrove, original payee, and are

sued upon in this case by W. R. Hargrove who alleges that he acquired them for valuable consideration and before maturity. He first obtained the issuance of executory proceedings against the whole tract of 80 acres which were covered by his mortgage as heretofore stated. He thereafter cancelled his mortgage on 40 acres of the tract, released that portion of the land from the seizure, which was confined and restricted to the 40 acres upon which rested the second mortgage of Clark who filed a third opposition in this suit.

In his third opposition Clark contends that the mortgage held by plaintiff is indivisible and that he should be compelled to sell the 80 acres for the satisfaction of his mortgage; that he had no right to release 40 acres of the land from the operation of his mortgage and seizure, and restrict the sale to the other 40 acres on which Clark had a second mortgage. The release made by plaintiff was illegal and null, he alleges, and that it would cause him irreparable injury if the sale would be restricted to the 40 acres upon which he has a mortgage. Upon these allegations which embody the substance of his complaint, Clark obtained the issuance of an injunction which was perpetuated by the District Court.

Plaintiff appeals.

The lower court did not pass on the issues thus tendered in the third opposition. The court said that its attention had been directed to the fact that the notes had been transferred by endorsement by M. V. Hargrove to the plaintiff, and that there was no authentic evidence of the genuineness of the transferror's signature. So finding, the court held that the executory process was imprudently issued by the clerk, and therefore recalled the order for lack of authentic evidence to support the transfer of the notes.

The general rule is that an order of seizure and sale can not be granted by the court without authentic evidence of the assignment of the note or mortgage upon which it issues. Tufts, Fermor & Co. vs. Beard, 9 La. Ann. 310; Commercial Bank of N. O. vs. Polard, 6 La. Ann. 477.

In the Kenner vs. Their Creditors, 8 Mar. (N. S.) 54, the court in recognizing this principle, said that the blank endorsement of a note was a matter in pais, if unsupported by authentic evidence; that the possession of the note was prima facie evidence of property, but that the promissor had the right, however, of disputing the fairness or legality of its acquisition by the transferee. The court found that this doctrine was grounded in justice and equity. In this case, O'Banion, defendant in the executory proceedings, made no appearance, and raised no question affecting the honesty or fairness in the transfer of the notes he executed in favor of M. V. Hargrove, the transferor. He, no doubt, could have raised such objections and could have attacked the legality of the order of seizure and sale for lack of authentic evidence to show the genuineness of the endorsement. Here, although Clark, third opponent, urged no complaint on that issue, the court, upon its own motion, maintained the injunction on that ground.

In one of our earliest cases, Kenner vs. Their Creditors, 8 Mar. (N. S.) 54, a third party, by way of third opposition intervened in attachment proceedings claiming not only that the property seized was his, but attempted also to act the part of the defendant, by undertaking to show that the attachment ought not to have been issued, and that it had been imperfectly executed. The court said the claimant had no right to show any irregularity in the suit in which he was allowed to intervene, and that whether the plaintiff, the court and the sheriff had been acting legally or not, was none of his business. This doctrine has been repeatedly affirmed, notably, in 105 —— where the language used in the case above cited has been incorporated in that decision. In the instant case whether the court or the plaintiff acted illegally in obtaining or issuing the order of seizure and sale, Clark, intervenor, can not complain, must take the case as he finds it, and submit his contention for adjudication.

The lower court failed to pass on the merits of the contentions presented by Clark for decision, and based its decision on a side issue not urged in the pleadings.

There was no hearing of the real contest or controversy between the parties litigant so as to settle the differences between them. This being the situation, we would have to exercise original jurisdiction to pass on the issues raised by the pleadings which we can not do as we are vested with appellate jurisdiction only. The injunction must be dissolved but the case must be remanded for a trial on the merits.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; that the injunction be dissolved and that this case be and is hereby remanded to the lower court to be tried on the merits, and to be proceeded with according to law. Appellee to pay cost of appeal, those of the lower court to abide the final decision of this case.

———

ELLIOTT, J. Dissents for reasons given below:

W. R. Hargrove, Jr., held the notes on which he instituted executory process under and by virtue of an endorsement from

M. V. Hargrove and the clerk of court signed the order granting executory process without authentic evidence showing that M. V. Hargrove had endorsed the notes to W. R. Hargrove, Jr. The trial judge noticed it and rejected the demand of W. R. Hargrove on that account. He was right and his ruling should be affirmed. The lack of authentic evidence was a lack of power and authority to grant the order. It could not be supplied by consent. C. P., Art. 390; Brown vs. Brown, 9 La. Ann. 310, etc.