(119 So. 409)

No. 29476.

## WOODS v. UNITED STATES FIDELITY & GUARANTY CO.

### In re WOODS.

Nov. 26, 1928. Rehearing Denied Jan. 2, 1929.

Justin C. Daspit, of Baton Rouge, for applicant.

Cross & Moyse, of Baton Rouge, and Spearing & Mabry, of New Orleans, for respondent.

ST. PAUL, J. Plaintiff was in the employ of Caldwell & Co., contractors, as a helper to bricklayers. Whilst in the performance of his duties he was jammed and crushed between an elevator and a piece of timber, so that his back was seriously injured and stiffened, and he can no longer perform any kind of physical labor, or earn a living.

Caldwell & Co. carried employers' liability insurance in the defendant company, and plaintiff brings this suit directly against the insurance company, for the compensation due him under the workmen's compensation statute (Act 20 of 1914, as amended from time to time), to wit, for $9.75 per week for 400 weeks, as in case of permanent total disability.

The only defense seriously urged by the defendant herein is that no direct action lies upon an insurance policy issued to an employer under the provisions of the workmen's compensation statute aforesaid, unless for an amount awarded or agreed upon *between the employer and the employee;* and reliance is placed upon section 23 of said statute.

In Wyatt v. Finley et al., our No. 29415 (La. Sup.) 118 So. 874,[1] decided October 29, 1928, we construed said section 23 as giving a direct right of action to the injured employee upon the insurance policy taken out by his employer; in fact, the section says so in as many words. And since such policy of insurance is a direct obligation to pay primar-

[1] Ante, p. 161.

ily, and without recourse against the employer, any amounts that may be agreed upon or awarded, we conclude that the amount for which the insurance company is liable was necessarily the amount awarded or agreed upon between the injured employee and itself, and not the amount agreed upon or awarded between said employee and his employer (except perhaps in case of insolvency, under section 25).

The trial judge gave plaintiff a judgment as prayed for; and for the reasons above given we think the Court of Appeal erred in reversing his judgment.

### Decree.

The judgment of the Court of Appeal is therefore reversed and set aside, and it is now ordered that the judgment of the district court be reinstated and made the final judgment of this court; defendant to pay all costs.

**(119 So. 410)**