**KINGSLEY v. SCHNELL ET AL.**

---

(November 26, 1928. Opinion and Decree.)

---

Daly & Hamlin, of New Orleans, attorneys for plaintiff and appellant.

Chas. Fletchinger, of New Orleans, attorney for defendants and appellees.

Robt. C. Davey, tutor ad hoc.

WESTERFIELD, J. This is a suit by a tenant against a landlord for damages due to personal injuries, alleged to have been sustained by the tenant because of a fall said to have been occasioned by defective steps, the amount claimed is $10,-226.00.

Plaintiff asserts that while sweeping a room leading out into the side yard, the steps of her residence were covered with the sweepings, which she undertook to remove with her broom, sweeping one step at a time; that as she reached the last or lower step, a piece of tread gave way, her feet went forward, she fell back and became instantly unconscious. She was picked up after her fall, by her husband and others, who described her position as lying face upward with her hand on the second step and her body projecting into the yard.

Defendant admits liability for any injury by caused defective steps, and does not deny the fact that plaintiff fell while in the act of sweeping the steps, as she claims, but insists that the steps did not break under her weight and had nothing to do with the accident, her fall being attributable to her physical condition.

The trial court in deciding the case against plaintiff gave the following reasons:

"The evidence in this case leaves no doubt that the plaintiff had a fall while descending steps in the premises which her husband rented from the defendants, and that plaintiff received some injuries. The horses of the steps in question, with the lower tread, were produced in Court. The testimony of all the witnesses is that all that broke, of the steps was a strip about three inches wide, from the edge of the lowest tread. The greater part of that tread and all of the rest of the steps remained intact, and after the accident, the carpenter, Mr. Duchmann, who made repairs for the defendants, jumped from one step to the other, to the ground, without shaking the structure.

"It appears from the evidence that the plaintiff, at the time of the accident, weighed 280 pounds; she had at that time a hammer toe, which caused her to limp, and she was affected with ulcers of both legs. Her movements are slow, clumsy and uncertain. Besides that, it is proved by the records of the Charity Hospital, which were produced, that she is affected with a petit mal, a form of epilepsy, in which one is liable at any moment to fall in a faint.

"The conclusion I reached from the facts is that Mrs. Kingsley stumbled and fell, or had an epileptic seizure as she was going down the steps, and that the strip which was broken from the lower tread was detached by her weight as she fell."

We have carefully read the record and are unable to say that the judge, a quo, was clearly wrong in his conclusion. There was no eye witness to the accident and while one or more witnesses for plaintiff testified that the bottom step was broken when they saw it, shortly after the accident, and while the boards which formed the steps, when offered in evidence, appeared to be in bad condition, this evidence, though sufficient to create a doubt in our minds, is not enough to overcome evidence to the contrary, referred to by the trial court in its reasons, particularly in view of the finding of the trial court. The burden of proof rested upon plaintiff and it has not been sustained.

For the reasons assigned the judgment appealed from is affirmed.