No. 3410

Second Circuit

LEE v. SOUTHERN SURETY CO.

(July 1, 1929. Opinion and Decree.)
(March 24, 1930. Rehearing Granted.)

J. F. Phillips, of Shreveport, attorney for plaintiff, appellant.

J. S. Atkinson and Alex F. Smith, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. This is a suit under the Workmen's Compensation Act. Plaintiff alleged that his right leg was broken in two places between the ankle joint and knee and his left leg bruised, skinned and otherwise injured on October 30, 1926, in an accident growing out of and in the course of his employment by F. & M. Schwartz in a hazardous occupation in Caddo parish, Louisiana, in consequence of which he was permanently totally disabled° to do work of any reasonable character, and that at the time of the accident he was earning a weekly wage of $27.50.

He further alleged that by contract between his employer and defendant Southern Surety Company the latter was obligated to indemnify the former against liability to the employees of the former arising under the Workmen's Compensation Act, and that in pursuance of such obligation the defendant had paid him compensation at the rate of $17.06 a week until he had received from it a total amount of $647.06 and that defendant had refused to pay him anything further.

And he prayed for judgment against defendant for compensation of $17.06 a week during his disability, not to exceed 400 weeks, from and after the date of the accident, with legal interest on each installment from its maturity until paid, less a credit of $647.06 already paid him by defendant.

The defendant filed an exception of no right and no cause of action, which was overruled, and thereupon the defendant, reserving its rights under its exception, answered, denying liability and alleging that defendant was no longer disabled and that it had paid him compensation as long as he was disabled and that he was not entitled to any further compensation.

On these issues the case was tried and there was judgment rejecting plaintiff's demands and dismissing his suit and he has appealed.

### OPINION

The exception of no right and no cause of action was based upon the theory that an employee is not entitled to sue the indemnitor of his employer in advance of determination of the employer's liability. The exception was not well founded and was properly overruled.

Wyatt v. Finley, 167 La. 161, 118 So. 874; Woods v. U. S. Fidelity & G. Co., 167 La. 411, 119 So. 409.

The evidence on the question as to whether plaintiff had entirely recovered from his disability was conflicting.

Doctors A. J. Thomas and C. H. Potts gave it as their professional opinion that plaintiff was yet unable to do work of any reasonable character.

Doctors M. L. Adair, J. M. Bodenheimer and H. A. Durham gave it as their professional opinion that plaintiff had entirely recovered from his injuries and was able to do work of any reasonable character.

It would serve no useful purpose to analyze the testimony. Suffice it to say that the trial judge, who heard and saw the witnesses testify accepted as correct the opinion of the three last named physicians, and we also accept their conclusions as correct.

The findings of fact of a trial court will not be reversed on appeal unless manifestly erroneous.

Kingsley v. Schnell, 9 La. App. 325.

Besides this, the burden of making out his case by a preponderance of the evidence rested on plaintiff and he did not discharge the burden.

The testimony of Mrs. L. J. Mulcare is positive to the effect that plaintiff is still unable to do work of any reasonable character, and we do not doubt that she is of that opinion, and the testimony of plaintiff and his wife also is to the same effect; but the testimony of these lay witnesses must yield to the physical facts that shortly before the trial plaintiff was able to walk and did walk a distance of about three miles—from Broadmoor to the office of his attorney in the Ricou-Brewster building, in Shreveport, Louisiana, and on the day of trial had walked from the levee to the courthouse—a distance of five blocks—and that neither his leg nor ankle showed any sign of swelling when he was on the witness stand.

Under the law and the evidence the judgment appealed from is correct and accordingly it is affirmed.

ON REHEARING

DREW, J. A rehearing was granted in this case on the application of appellant on showing to the court that it had erred in assuming that the lower court had passed on the merits of the case when in truth and in fact the lower court had only sustained an exception of no cause of action.

Plaintiff was an employee of F. & M. Schwartz, who were insured against loss by reason of injuries to their employees by the defendant, Southern Surety Company. After plaintiff received the injury of which he complains, the defendant herein paid to him compensation for about forty weeks, when it ceased its payments. In the meantime F. & M. Schwartz had left the state of Louisiana, and plaintiff brought suit against defendant, claiming compensation. An exception of no cause of action was filed and argued. At that time the jurisprudence of this state was divided on the question of the right of an employee to sue the insurance company for compensation alleged to be due him by reason of injuries arising out of his employment, and the district court overruled the exception. Later the case was tried on its merits, and before decision on the merits was rendered one of the Courts of

Appeal rendered a decision sustaining an exception of no cause of action in a similar suit, and the district court, acting on the authority of that decision, rendered judgment sustaining the exception of no cause of action and rejecting plaintiff's demands. The judgment, as signed, led this court to assume that it was a judgment on the merits of the case, when in fact the merits of the case had not been passed on by the lower court. This is alleged by the appellant and admitted by the appellee.

The right of an employee to sue the insurer of his employer for compensation alleged to be due him for injuries arising out of his employment has been definitely settled in the affirmative in the following cases: Wyatt v. Finley, 167 La. 161, 118 So. 874; Woods v. U. S. Fidelity & G. Co, 167 La. 411, 119 So. 409.

Appellant filed in this court in due time a motion to have the case remanded to the lower court for a decision on the merits.

The district court has not passed on the merits, and this being the situation, we would have to exercise original jurisdiction to pass on the issues raised, and this we cannot do as we are vested with appellate jurisdiction only.

Hargrove v. O'Banion, 4 La. App. 421; Rayville State Bank v. Compress Co., 3 La. App. 191.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed, and that the case be remanded to the district court to be tried in accordance with law.

Cost of appeal to be paid by plaintiff, appellant.