142 So. 910

## BRIM v. AMERICAN SURETY CO. OF NEW YORK.

### No. 31604.

May 23, 1932.

Rehearing Denied June 20, 1932.

Denegre, Leovy & Chaffe, of New Orleans, for appellant.

Normann, McMahon & Breckwoldt, of New Orleans, for appellee.

ROGERS, J.

Plaintiff as a judgment creditor of the Home Accident Insurance Company (now insolvent) on a claim for workman's compensation sued the American Surety Company of New York as the qualifying surety of its judgment debtor under the provisions of Act No. 58, Extra Session of 1921.

The defense interposed to plaintiff's demand was that the statutory bond sued on does not

cover claims for workmen's compensation, but only claims arising out of guaranty, fidelity, surety, and bond transactions.

The court below gave plaintiff judgment, and defendant appealed.

The title of Act No. 58, Extra Session of 1921, and the first section thereof, omitting the provisions dealing with the deposit of securities, read as follows, viz.:

"An act requiring all guaranty, fidelity, surety and bond companies doing business in this State to give a bond with a good and solvent surety or to deposit with the State Treasurer a guarantee fund for the protection of citizens of the State and insuring a compliance with all contracts made by them in the State; and permitting Guaranty, Fidelity, Surety and Bond Companies now doing business in this State to file a bond with the Secretary of State and withdraw any deposit made, and to repeal all laws or parts of laws in conflict with the provisions of this Act.

"Section 1. Be it enacted by the Legislature of Louisiana, That all Guaranty, Fidelity, Surety and Bond Companies doing business in this State shall deposit with the Secretary of State a bond in the sum of Fifty Thousand ($50,000.00) Dollars in favor of the Governor of the State of Louisiana for the use and benefit of all creditors in the State of Louisiana, with one or more Guaranty, Fidelity, Surety or Bond Companies who are authorized to do business in this state as surety or sureties thereon, * * * said bond or deposit to be held subject to any claim, liens or judgments that may be judicially obtained against them in the courts of this State, or the Federal courts in this State, or arising from any contract of insurance, or indemnity,

or fidelity, or guaranty entered into this State, and the said deposit to be liable to seizure and sale at the instance of any judgment creditor of such companies, under judgment obtained in any of the courts of this State or the Federal courts in this State against them; provided that the provisions of this Act in reference to giving a bond in lieu of making a deposit, shall not apply to Life, Live Stock, or Industrial Life Insurance Companies."

Defendant, apparently, does not dispute that, taken literally, the provision of Act No. 58, Extra Session of 1921, that "said bond or deposit to be held subject to any claim, liens or judgments that may be judicially obtained against them in the courts of this State, or the Federal courts in this State, or arising from any contract of insurance, or indemnity, or fidelity, or guaranty entered into this State," is broad enough to cover and protect any type of claim arising in this state against a company furnishing a bond in compliance with the legislative act.

Defendant contends, however, that the statute is loosely drawn, and that its real purpose, tested by the general rule of statutory construction that words of general import in a statute are limited by words of restricted import immediately following and relating to the same subject, is to restrict the general description, "claim, liens or judgments" by the limited description "arising from any contract of insurance, or indemnity or fidelity, or guaranty entered into this State." In other words, defendant would substitute the conjunction "and" for the disjunctive "or" in the statute, so that the only claims, liens, and judgments protected under its provisions are those arising from contracts of the character described.

In support of his contention, defendant traces the history of insurance legislation in this state, beginning with Act No. 105 of 1898. Defendant then refers to Act No. 172 of 1908, Act No. 58, Extra Session of 1921, and Act No. 340 of 1926.

Act No. 105 of 1898 deals with the organization and operation of insurance companies, whether foreign or domestic; but none of its provisions require any company to make a deposit or give a bond for the benefit of its creditors.

Act No. 71 of 1904 was the first statute enacted to cover this subject. Under this statute, all guaranty, fidelity, surety, and bond companies doing business in the state are required to deposit with the state treasurer $50,000, whether in money or securities of the specified kind, for the protection of the citizens of the state.

Act No. 58, Extra Session of 1921, permits such companies to deposit either money or securities, or to give a qualifying bond for the required amount. And Act No. 340 of 1926, amendatory of Act No. 58, Extra Session of 1921, deals solely with a change in the type of securities allowable in the event of a deposit. This act may be disregarded in considering the present case, since the bond under review herein was given pursuant to the provisions of Act 58 of 1921, under the authority of which it was substituted for the deposit of securities previously made by the principal, Home Accident Insurance Company.

Act No. 172 of 1908 requires all classes of insurance companies, except surety companies, certain types of plate glass insurance companies and fraternal societies, to annually furnish a bond of $20,000, payable to the state treasurer, to insure the prompt payment of all claims arising against them within the state.

Defendant argues that from 1904 to 1908 under the statutory law the only types of insurance as to which security for the benefit of creditors was exacted were guaranty, fidelity, surety, and bond. That Act No. 172 of 1908 was enacted to cover the entire insurance field, with immaterial exceptions, not already covered by Act No. 71 of 1904. That a company engaged in the business of guaranty, fidelity, surety, and bond is governed by Act No. 58, Extra Session of 1921, whereas a company engaged in compensation insurance is governed by Act No. 172 of 1908.

But the record shows that defendant's principal, Home Accident Insurance Company, in entering the state to engage in business complied with Act No. 71 of 1904, and not with Act No. 171 of 1908. As required by the former statute, it made the deposit of $50,000 in securities with the state treasurer, which deposit was later withdrawn when the bond herein sued on was substituted therefor under the authority of Act No. 58, Extra Session of 1921. It was the execution and furnishing of this bond that enabled the Home Accident Insurance Company to write workmen's compensation insurance as well as the other classes of insurance referred to in the statute. And since the bond furnished by defendant's principal is not only as large, but is two and one-half times larger than the bond required by Act No. 171 of 1908 of companies to do the restrictive character of business specified therein, there is no good reason why it should not cover any business which its principal is authorized to do by the law under which it was incorporated.

The rule in such cases is stated in 14 Ruling Case Law, 865, verbo Insurance, § 35, as follows, viz.:

" * * * A state may also require insurance companies incorporated in other states to file security before they can issue policies. However, a foreign company which has made a deposit as large as is required by the statutes of a state for any kind of insurance business is not required to make a different deposit for each kind of insurance business it carries on. * * * "

See, also, to the same effect, Couch on Insurance, § 245 a, text 5; Joyce on Insurance, §§ 8, 328, 329; People ex rel. Stevens v. Fidelity & Casualty Co., 153 Ill. 25, 38 N. E. 752, 26 L. R. A. 295; People ex rel. Ocean Accident & Guarantee Corp. v. Van Cleave, 187 Ill. 125, 58 N. E. 422.

Reverting to defendant's argument relative to the construction of Act No. 58, Extra Session of 1921, hereinabove referred to, we think there is always some presumption in favor of the more simple and literal interpretation of a statute. And we do not find any warrant from the context or other provisions of the statute, or from former laws relating to the same subject, to substitute the word "and" for the word "or" in the language of the statute, as suggested by defendant.

The title of Act No. 58, Extra Session of 1921, which we have hereinabove quoted in full, requires all companies coming under its provisions "to give a bond * * * for the protection of citizens of the State [of Louisiana] and insuring a compliance *with all contracts* made by them in the State." (Writer's italics.)

And section 1 of the statute, which we have also hereinabove quoted so far as pertinent, requires the insurance companies doing business in the state to deposit a bond of $50,000 with the secretary of state, "for the use and benefit of all creditors in the State of Louisiana. * * * Said bond * * * to be held subject to any claim, liens or judgments that may be judicially obtained against them in the courts of this State, or the Federal courts in this State, or arising from any contract of insurance, or indemnity, or fidelity, or guaranty entered into this State," etc.

Analyzing the statute, we find that its general purpose is to protect the citizens of this state whose claims against the principal on the qualifying bond might fall within one of the following specific classes, viz.:

(1) Any claim, lien or judgment obtained against the principal in any local state court or any federal court in the state; or,

(2) Any claim arising from any contract of insurance entered into by the principal in this state; or,

(3) Any claim arising from any contract of indemnity entered into by the principal in this state; or,

(4) Any claim arising from any contract of fidelity insurance entered into by the principal in this state; or,

(5) Any claim arising from any contract of guaranty entered into by the principal in this state.

Plaintiff, it appears to us, falls within the first and second classes we have enumerated. First, she has reduced her claim against the principal to a judgment in a state court; and, secondly, she is the third party (beneficiary) in a contract of workmen's compensation in-

surance entered into by the principal in this state. Section 23 of Act No. 20 of 1914, as amended by Act No. 85 of 1926; Wyatt v. Finley, 167 La. 161, 118 So. 874; Woods v. U. S. Fidelity & Guaranty Co., 167 La. 411, 119 So. 409; Baker v. Wall Drilling Co., 168 La. 513, 122 So. 711.

There can be no question that the defendant, in furnishing the bond herein sued on, permitted its principal to withdraw from the state the collateral which, but for defendant's act, would be subject to execution under, plaintiff's judgment against the principal. Defendant assumed by its bond the place occupied by its principal's collateral, and thereby, in the language of the statute, "Became obligated for all obligations incurred by its principal since it began to do business in the State of Louisiana."

For the reasons assigned, the judgment appealed from is affirmed.