144 So. 727

## AMERICAN SURETY CO. OF NEW YORK v. BRIM et al.

No. 31974.

Oct. 31, 1932.

Rehearing Denied Nov. 28, 1932.

Normann & McMahon, of New Orleans, for relatrix.

Denegre, Leovy & Chaffe, of New Orleans, for American Surety Co. of New York.

Milling, Godchaux, Saal & Milling and Lawrence K. Benson, all of New Orleans, for United Gas Public Service Co.

OVERTON, J.

Relatrix' son was accidentally killed, while in the employ of another, in the year 1928. She recovered judgment against the Home Accident Insurance Company, the bondsman for her son's employer. This company is in the hands of a receiver and is insolvent. The American Surety Company of New York signed the bond of the Home Accident Insurance Company, for $50,000, to enable it to transact business in this state. On May 23, 1932, defendant recovered judgment in this court against the American Surety Company of New York, as the qualifying surety of the Home Accident Insurance Company, for the amount of the judgment for compensation, namely, for $2,538.22, with interest and costs, the judgment being in affirmance of that of the lower court. A rehearing was refused in the case on June 20, 1932. See Brim v. American Surety Company of New York, 175 La. 41, 142 So. 910. The defense of the defendant in the Brim Case, which was held to be not well founded, was that the qualifying bond, sued on, did not cover claims for workmen's compensation.

On the day the decision in the Brim Case was handed down, there was pending on the docket of this court another case, entitled Lyon Lumber Company v. Home Accident Insurance Company et al., 175 La. 476, 143. So. 379, in which the American Surety Company of New York was a defendant, involving the same defense as did the Brim Case. The Lyon Lumber Company Case was decided on June 30, 1932, adversely to the contentions of the American Surety Company of New York.

On July 5, 1932, fifteen days after the refusal of a rehearing in the Brim Case, the American Surety Company of New York brought, in the civil district court for the Parish of Orleans, an interpleader action, under Act No. 123 of 1922, and deposited, on the filing of the petition, in the registry of the court, $50,000, the amount of the qualifying bond, and prayed that all claimants under the bond be impleaded, and for injunctive relief to prevent such claimants from further prosecuting any actions against the company, or from causing execution to issue on any judgments against it. The trial court issued a temporary restraining order, on this application, against all claimants, and also a rule nisi, directed to them, to show cause why a preliminary injunction should not issue, as prayed for.

When Bertha Brim, the widow of Ryan, the relatrix herein, was served with the restraining order, she moved to dissolve or modify the order, so as to permit her to execute the judgment of this court, obtained by her. This motion was denied. The relatrix thereupon applied to this court for a writ of prohibition, to prohibit the trial judge from obstructing the execution of the judgment of this court and for a writ of mandamus (to quote from the prayer of the application), "directed to the Honorable M. M. Boatner,

Judge of Division B of the Civil District Court for the Parish of Orleans, ordering and commanding him to dissolve or modify the temporary restraining order, and/or the preliminary injunction substituted therefor in the matter of 'American Surety Company of New York v. Mrs. Bertha Brim, widow of Calvin Ryan et al.,' No. 198,036 of the docket of the Civil District Court for the Parish of Orleans, so as to permit the execution of the judgment obtained in the matter of 'Mrs. Bertha Brim, Widow of Calvin Ryan v. American Surety Company of New York,' No. 31,604 of the docket of the Supreme Court of Louisiana [175 La. 41, 142 So. 910]." One of the justices of this court granted an order, on this application, directing that the record be sent up, and that cause be shown why the relief prayed for in relator's application should not be granted. No stay order was granted.

After the issuance of the foregoing order, the day arrived, previously fixed, to show cause why the preliminary injunction prayed for should not issue. On that day relatrix appeared in the district court, and, without protest, based upon the pendency of her application for writs in this court, sought to defeat the issuance of the preliminary injunction on the same grounds that she undertook to dissolve or modify the restraining order. In this she failed, and the preliminary injunction was ordered to issue. No appeal was taken from this order, or other steps taken touching it.

One of the defendants in the present action, namely, the United Gas Public Service Company, has filed a motion in this court to discharge the rule nisi issued herein, on the grounds: (1) Because, in issuing the rule nisi, no order staying proceedings in the trial court was granted, and, since the rule nisi, in that court, in the absence of a stay order, has been tried, and decided adversely to relatrix, and the preliminary injunction prayed for ordered to issue, relatrix' remedy for relief was converted from that by prohibition and mandamus to that by appeal from the order granting the preliminary injunction; (2) because, even if the order of this court be given the effect of staying proceedings below, relatrix has abandoned the order, as well as the application for the writs of mandamus and prohibition, to compel the trial judge to dissolve or modify the temporary restraining order by thereafter, without protest, participating in the hearing of the rule for a preliminary injunction; and (3) because a hearing on relator's application for writs of mandamus and prohibition to dissolve or modify the temporary restraining order presents, at this time, a moot question, since that order has expired, both by its terms and by the granting of the preliminary injunction.

■ We think that the motion to vacate has not a meritorious foundation. It is true that the order granted by this court on the present application did not contain a stay order, and therefore did not operate to stay proceedings in the court below. Arthur v. Dupuy, 130 La. 782, 58 So. 570. No stay order, however, so far as appears, was necessary to afford relatrix, if she be correct in her contentions, adequate relief. The order of this court, as stated, directed that cause be shown why relatrix' prayer should not be granted. The prayer is, as stated, that the

trial judge be prohibited, by a writ of prohibition, from interfering with the execution of the judgment procured by relatrix against the American Surety Company of New York, and also for a writ of mandamus, directing him to dissolve and modify the temporary restraining order, or the preliminary injunction substituted for it, so as to permit the execution of her judgment. The mere fact that the restraining order has expired by the lapse of time, or that the preliminary injunction has taken its place since the granting of the order of this court, does not prevent us from ordering the modification of the preliminary injunction, or from prohibiting the trial judge from interfering with the execution of the judgment. It may be said also that relatrix has not abandoned the present application by appearing in the trial court, after the granting of the order of this court, in obedience to the order of the trial court, even without protest, to show cause why the preliminary injunction should not issue. The trial judge had the power to proceed, in the absence of a stay order, subject, however, to the determination by this court of relatrix' application, pending here. Relatrix was powerless to do otherwise than appear. Not to have appeared would not have been a legal obstacle to the issuance of the preliminary injunction. It does not appear that relatrix had any legal reason for not appearing. A protest would have been idle ceremony. The motion to discharge is denied.

The application, on its merits, presents the question whether the remedy of interpleader lies after the applicant therefor has contested the claim of one or more of the claimants to final judgment and the question also of the right of a trial court to hinder or obstruct the execution of a judgment of this court in a case such as the present.

The proceeding was brought under Act No. 123 of 1922, which authorizes one who holds money, claimed by two or more persons, or upon which two or more persons claim a lien or privilege, to deposit the money in the registry of the court, and to cite all claimants to litigate over the fund. The plaintiff, the American Surety Company of New York, disclaims all interest in the fund, save to see that it is equitably distributed, which means that it treats all lawful claimants as the owners of the fund.

The act providing for the proceeding has nothing to say touching the right of one, after contesting a claim of one of the claimants, to final judgment, unsuccessfully, to involve the successful litigant in litigation anew by bringing an interpleader action. The question seems to be one of first impression here, but, in other jurisdictions, from which the substance of the act was apparently taken, the rule prevails that the action cannot be resorted to after an unsuccessful trial against one of the claimants.

Thus, in McKinney v. Kuhn, 59 Miss. 186, it was said:

"It is well settled, both by reason and authority, that one who asks the interposition of a court of equity to compel others, claiming property in his hands, to interplead, must do so before putting them to the test of trials at law. Yarborough v. Thompson, 3 Smedes & M. 291 (41 Am. Dec. 626); Haseltine v. Brickey, 16 Grat. (Va.) 116; Cornish v. Tanner, 1 You. & Jer. 333. The remedy by interpleader is afforded to protect the party

from the annoyance and hazard of two or more actions touching the same property or demand; but one, who with a knowledge of all the facts, neglects to avail himself of the relief, or elects to take the chances for success in the actions at law, ought to submit to the consequences of defeat. To permit an unsuccessful defendant to compel the successful plaintiffs to interplead, is to increase instead of to diminish the number of suits; to put upon the shoulders of others the burden which he asks may be taken from his own. * * * "

This principle is recognized by many cases, among which may be cited Gonia v. O'Brion, 223 Mass. 177, 111 N. E. 787; Phillips v. Taylor, 148 Md. 157, 129 A. 18; United Producers' Pipe Line Co. v. Britton (Tex. Civ. App.) 264 S. W. 576; Moore v. Hill, 59 Ga. 761; Yarborough v. Thompson, 3 Smedes & M. (11 Miss.) 291, 41 Am. Dec. 626.

It is urged, however, that the American Surety Company of New York was not in position to file an interpleader until it had tested the claim of relatrix to final judgment, and that, failing to meet with success, it promptly filed the interpleader. The reason why, it urges, it was not in such position, until then, is that, had it succeeded before this court, in sustaining its construction of the bond and the law governing the bond, it would not have been called upon to file an interpleader, since there would have been sufficient in its hands to have satisfied all lawful claimants. It may be observed, however, that the surety company was acquainted with all of the facts, and hence that it simply took its chances of meeting with success by sustaining its own construction of

the bond and the law. Having failed to sustain it, it cannot now force relatrix into litigation anew with others, involving most likely a repetition of what has been decided, or force her to accept a pro rata part of a fund, which is far from sufficient to satisfy all claimants, and thereby largely cause her to lose the benefits of her judgment.

■ Since, in the absence of a law authorizing the trial judge to interfere with the execution of a judgment of this court by injunction, the trial judge, though prompted by the highest motives, exceeded his power and jurisdiction by issuing the temporary restraining order and the preliminary injunction, restraining relatrix from executing her judgment. So finding, relatrix is entitled to the writ of prohibition requested, although the order granting the preliminary injunction was appealable. Stewart v. Litchenberg, 148 La. 195, 86 So. 734; City of Gretna v. Bailey, 140 La. 363, 72 So. 996; Iberia, St. M. & E. R. Co. v. Morgan's L. & T. R. & S. S. Co., 129 La. 492, 56 So. 417. Relatrix is also entitled to the mandamus prayed for, ordering the trial judge to modify the preliminary injunction issued, so as to permit relatrix to execute her judgment. State ex rel. Ruddock Orleans Cypress Co. v. Knop, 147 La. 1057, 86 So. 493.

It is ordered that a writ of prohibition issue herein, as prayed for, and that it be made peremptory, and it is further ordered that a writ of mandamus issue herein, ordering the trial judge to modify the preliminary writ of injunction, issued herein, so as to permit relatrix to execute her judgment, and that the writ be made peremptory, the American Surety Company of New York to pay all costs of this application.