### GRADNEY v. STANDARD FRUIT & STEAMSHIP CO.*

### No. 14225.

Court of Appeal of Louisiana. Orleans.
Nov. 28, 1932.

M. C. Scharff, of New Orleans, and Gerald V. Brown, for appellant.

Frank T. Doyle and Harry M. Mayo, Jr., both of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit under the compensation statute (Act No. 20 of 1914 as amended). Plaintiff, an aged negro, alleges that on November 27, 1930, while assisting in the unloading of a banana ship, belonging to the defendant steamship company, his left hand was pulled into the banana conveyor, with the result that it was fractured near the wrist; that he was totally and permanently disabled as a result of the accident; that he was paid two weeks' compensation and thereafter discharged by defendant's physician as cured. He prays for compensation for 400 weeks at the rate of $7.21 per week.

There was judgment below in favor of defendant, and plaintiff has appealed.

The testimony submitted on behalf of plaintiff was that given by himself and that by Dr. William Love.

Plaintiff declared that his injury incapacitated him from pursuing his former occupation as longshoreman, because of the loss of the use of his injured hand. It appears, however, that he worked intermittently for the defendant after his injury and discharge on December 13, 1930, until June 2, 1931, when he was told that his services would no longer be required.

Dr. Love testified that he examined the plaintiff on November 18, 1931, a year after the accident, and that he found scars over the ligaments of the hand and a gap between the metacarpal bones and the bones of the forearm, together with some relaxation and permanent weakness of the left wrist due to tearing of the ligaments surrounding the joint. There was, however, no evidence of any fracture.

Dr. Menendez, testifying on behalf of defendant, stated that plaintiff's injuries consisted of a "deep evulsion of skin, first phalanx outer aspect left index finger with contusion and secondary swelling dorsal surface of the hand." He prescribed mercurochrome, coaptated with adhesive plaster and soaks or wet dressings saturated with a solution of lysol, two teaspoonfuls to a gallon of hot water, to be applied three times daily. Plaintiff, he says, did not complain of any pain or weakness in his hand at the time of his discharge, and not until nine months thereafter did he learn of any complaint on plaintiff's part.

The chief difference, one on which plaintiff mainly relies, between the testimony of Dr. Love and that of Dr. Menendez, the only medical experts who testified in the case, is the reference by Dr. Love to a "tearing of the ligaments" of the hand. Dr. Love explains that his finding in this respect is based upon the presence of scars over the ligaments and of a gap between the metacarpal bones and the bones of the forearm. In so far as the gap is concerned, there is evidence to the effect that such a gap sometimes appears in the hands of men accustomed to hard labor, and, with reference to the scars, Dr. Menendez, who first treated plaintiff, testified that they were caused by the use of lysol full strength instead of diluted as prescribed. This information he obtained, so he testified, from plaintiff himself, and, though

---

*Rehearing denied December 19, 1932.

plaintiff denies having made the statement, Dr. Menendez is corroborated by Miss Arbo, a trained nurse in his office, who declared that plaintiff had made the statement in their presence.

We cannot believe that Dr. Menendez and Miss Arbo would perjure themselves to prevent an aged negro from recovering compensation; consequently the statement of plaintiff is discredited. The scar which Dr. Love discovered many months later was caused by the improper use of the lysol and not as a result of the injury.

The obligation of plaintiffs in compensation suits, as that of plaintiffs in other suits, is to make out their cases with legal certainty. Furlow v. Maison Blanche Co., 2 La. App. 351; Lampley v. Standard Brick & Clay Products Co., 8 La. App. 300–303; Reynolds v. Hotel Youree Co., 6 La. App. 790.

Upon the record before us, and in view of the finding of the judge a quo, we are of the opinion that the judgment appealed from is correct, and, for the reasons assigned, it will be affirmed.

Affirmed.