ON REHEARING
Before McBRIDE, REGAN, YARRUT, SAMUEL and CHASEZ, JJ.
McBRIDE, Judge.
The only point at issue herein is the extent and duration of plaintiff’s disability to do work of any reasonable character. He was paid compensation as for total and permanent disability for nineteen weeks, and defendants are contending that plaintiff is entitled to no more as his disability did not extend beyond said period. Whereas the majority of the panel which originally heard the case reversed the judgment appealed from notwithstanding an irreconcilable conflict in the medical testimony and awarded compensation to the claimant, we thought a rehearing was in order so we could re-examine and re-evaluate the testimony of the medical experts. This we have done.
Plaintiff, who is 44 years old, testified he continues to suffer pain and cannot return to his occupation; that because of his injury he sustained a loss of grip in the left hand, cannot fully rotate the wrist, and experiences a reflex action which brings about an involuntary opening of the hand.
Plaintiff received first aid treatment from a Dr. Calhoun and was then referred to the company’s regular physician, Dr. Logan, who put a cast on plaintiff’s left arm and wrist and administered a series of treatments. During the course of Dr. Logan’s treatments, he sent plaintiff to .Dr. Soboloff for examination and appraisal, and Dr. Soboloff approved the nature of the treatment plaintiff was receiving. Subsequently, plaintiff, desirous of returning to his home in Texas, was instructed to report to Dr. Parsons of San Antonio who, in the course of his treatment, had the plaintiff undergo physiotherapy treatments by Dr. Mary Callahan. On June 16, 1961, plaintiff was discharged by Dr. Logan and was advised to return to his normal occupation. Up until this time he was paid compensation by the employer’s surety. There is no dispute plaintiff recovered from the tenosynovitis for which he received treatment, and the question is whether he has at this time a pseudocyst or an osteoid osteoma in the left hand which causes disability. The medical evidence is in sharp conflict as to what the X-rays reveal. Dr. Meyer Teitelbaum, an experienced radiologist appearing for de *320 fendants, stated that the condition known as osteoid osteoma is a benign tumor of a bone and is uncommon, usually being found in children or young people. The other condition, pseudocyst, a lesion having no clinical significance, is common and produces no symptoms nor brings about disability or pain. Dr. Teitelbaum believed the X-rays reveal a nondisabling pseudo-cyst and quoted from the writings of medical authors, Drs. Keller and Schinz, to support his diagnosis. Although plaintiff’s right hand is not involved, Dr. Teitelbaum X-rayed that member and the plates showed that plaintiff also had a pseudocyst in the right hand. This feature of Dr. Teitel-baum’s testimony assumes some significance. Dr. Hyman R. Soboloff and Dr. Russell C. Grunsten, both orthopedists, fully concurred with Dr. Teitelbaum’s interpretation of the X-rays and they can find no basis for plaintiff’s complaints or his claimed disability.
The majority of the former panel accepted the testimony of plaintiff’s expert, Dr. Nick J. Accardo, an orthopedist, rather than the testimony of defendants’ medical witnesses. Dr. Accardo thought plaintiff’s complaints of pain are genuine and his prognosis was that plaintiff did and would experience pain and discomfort in his left hand, arm and wrist when engaged in any type of manual labor requiring physical effort. He thought an osteoid osteoma was producing the disablement.
As stated, plaintiff’s expert has taken a divergent view as to what the X-rays show. Drs. Soboloff, Grunsten and Accardo gave their opinions after examinations of plaintiff made only for the purpose of court appearance. We, as laymen, have no way of determining which theory of the physicians is correct, but whereas the law places the burden of proof on plaintiff and requires that he make out his case by a preponderance of the evidence, we feel we cannot do otherwise than to agree with the district judge that plaintiff has not successfully carried such burden. Although the rules of evidence are relaxed in workmen’s compensation cases, a claimant for compensation benefits, as does any other plaintiff, bears the onus of establishing the legitimacy of his claim.
 After hearing and seeing the physicians testify, the trial judge adopted the testimony of the defense experts as the predicate for his judgment. He was in the superior position to weigh the testimony and to assess the veracity to be accorded thereto, and we can think of no good reason why the evidence produced by defendants should be discarded and that of Dr. Accardo and the plaintiff accepted in its place and stead. True, mere numerical numbers of experts are not sufficient for a determination of a decision in any case and the court must take the over-all picture of all the circumstances. We are impressed with Dr. Teitelbaum’s testimony, as it must be considered in light of the fact that he is a recognized expert in the field of radiology and it should be accorded considerable weight. We think defendants’ evidence outweighs that of plaintiff.
The situation here is similar to that found in Codifer v. Shell Petroleum Corporation, La.App., 152 So. 133, wherein our predecessors said:
“There is, therefore, only the statement of the plaintiff himself, corroborated to some extent by Dr. Fenno, as against the testimony of Drs. Landry, Edrington, Stone, and Men-ville, with the result that there is an overwhelming preponderance of medical testimony unfavorable to the contention of plaintiff. The plaintiff in a compensation case must make his case reasonably certain. Haddad v. Commercial Motor Truck Co., 150 La. 327, 90 So. 666; Furlow v. Maison Blanche Co. et al., 2 La.App. 351, 354; Stevens v. Ohio Oil Co., 3 La.App. 81; Wilson v. Harris Oil Co., Ltd., 3 La.App. 195; Purvis v. Ware Const. Co., 5 La. App. 684; Dennis v. Fortuna Oil Co., 5 La.App. 709; King v. Rapides Pack *321 ing Co., Inc., 5 La.App. 424; Reynolds v. Hotel Youree Co., 6 La.App. 790; Hinton y. Louisiana Cent. Lumber Co. (La.App.2d Cir.) 148 So. 478; Gradney v. Standard Fruit & S. S. Co. (La. App.) 144 So. 541; Lee v. Southern Slirety Co. (2d Cir.) 14 La.App. 393, 123 So. 502, 127 So. 36.”
There is no manifest error in the judgment rendered below.
For the reasons assigned, our original decree herein is recalled and set aside, and it is now ordered, adjudged and decreed that the judgment appealed from is affirmed.
Original decree recalled; judgment affirmed.