(118 So. 874)

No. 29415.

## WYATT et al. v. FINLEY et al.

### In re WYATT et al.

Oct. 29, 1928. Rehearing Denied Nov. 26, 1928.

Shelby Taylor, of Baton Rouge, and A. B. Parker, of Monroe, for plaintiffs.

Taylor, Porter, Loret & Brooks, of Baton Rouge, for defendant Travelers' Insurance Co.

Spearing & Mabry, of New Orleans, amici curiæ.

LAND, J. On November 11, 1925, the Louisiana highway commission employed Sam E. Finley of Atlanta, Ga., in the construction of several sections of an experimental road on the Baton Rouge-Hammond highway in the parish of East Baton Rouge in this state.

Among the terms and conditions agreed to by both parties was the obligation by Finley to conform to all legal requirements relative to employment of labor, workmen's compensation, and to the prosecution of such work.

In compliance with this agreement, Finley obtained from the Travelers' Insurance Company of Hartford, Conn., a standard workmen's compensation and employers' liability policy, in which it is agreed by the company with Finley, as employer, to pay promptly to any person entitled thereto, under the Workmen's Compensation Law of this state, the entire amount of any sum due, and all installments as they become due for personal injuries sustained by employees, including death at any time resulting therefrom.

On April 29, 1926, Jesse E. Wyatt, the son of plaintiffs, Mrs. Florence E. and Jesse E. Wyatt, Sr., was killed by an engine and train. The truck he was driving for Finley, his employer, was demolished at the crossing at

Sharp Station on the Baton Rouge-Hammond & Eastern Railroad. At the time of his death, deceased was engaged in hauling asphalt from the mixing plant at Sharp Station to the road under construction.

Plaintiffs, as dependents upon their son for support, have brought the present suit against Sam E. Finley, the employer, and the Travelers' Insurance Company, to recover in solido compensation in the aggregate sum of $4,245, with 5 per cent. per annum interest from April 29, 1926, until paid. This sum is based upon 65 per cent. of the weekly wages of $21, paid by Finley to plaintiffs' son, or $13.65 per week for 300 weeks, together with $100 for burial expenses, and $50 for a reasonable contingent expense.

Judgment for the amount claimed, with interest and costs, was rendered in the district court for the parish of East Baton Rouge in favor of the plaintiffs against the Travelers' Insurance Company, the insurer of Finley, as employer, against liability under the Workmen's Compensation Law of this state. Act No. 20 of 1914 as amended. No judgment was rendered against Finley, as employer, as he was a nonresident, without property within the state, and could not be served.

On appeal by the Travelers' Insurance Company to the Court of Appeal for the First Circuit, the judgment of the lower court was affirmed, but later was reversed on rehearing granted.

The latter judgment is now before us for review, on the application of the plaintiffs.

Section 23 of Act 20 of 1914 provides:

"That no policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation *that may be awarded or agreed upon,* and that the obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. *Such agreement shall be construed to be a direct obligation by*

*the insurer to the person entitled to compensation, enforceable in his name.* No policy of insurance against liability under this act shall be made unless such policy shall cover the entire liability of the employer under this act."

In complying with the requirements of section 23 of the Employers' Liability Act, the Travelers' Insurance Company has incorporated in the policy issued by it to Finley, the employer, the following provisions:

"The Travelers' Insurance Company, Hartford, Connecticut, does hereby agree with this Employer, named and described as such in the declaration forming a part hereof, as respects personal injuries sustained by employees, including death at any time therefrom as follows:

"One (a) To Pay Promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due.

"*D. The obligations of Paragraph One (a) foregoing are hereby declared to be direct obligations and promises of the Company to any injured employee covered hereby, or, in the event of his death, to his dependents; and to each such employee or such dependent the Company is hereby made directly and primarily liable under said obligations and promises.* This contract is made for the benefit of such employee or such dependents and is enforceable against *the Company, by any such employee or such dependents in his name* or on his behalf, at any time and in any manner permitted by law, *whether the claims or proceedings are brought against the Company alone or jointly with his Employer.*"

It is provided in section 25 of the Employers' Liability Act:

"That if any employer shall carry insurance against liability under this act, *and said employer shall be or become insolvent, or any execution upon a judgment for compensation is returned unsatisfied,* an employee of such employer, or the dependents of a deceased employee who shall be entitled to payments under this act *may enforce their claim to payments against the insurer of such employer to the same extent that the employer could have enforced his claim against such insurer had he made such payments,* any provision contained in *any policy or agreement of insurance* written after the date of the approval of this act *to the contrary notwithstanding.* And the making of accrued payments to the person entitled thereto, in accord-

ance with the provisions of this act, shall relieve such insurer from liability."

In complying with section 25 of the Employers' Liability Act, the Travelers' Insurance Company in its policy agrees:

"One (b) To indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. In the event of the bankruptcy or insolvency of this Employer the Company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. *If, because of such bankruptcy or insolvency, an execution against this Employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured or by such other person claiming by, through or under the injured, against the Company* under the terms of this Policy for the amount of the judgment in said action not exceeding the amount of this Policy."

"G. *No action shall lie against the Company to recover upon any claim or for loss under Paragraph One (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this Employer after the trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years thereafter.*"

 Under exceptions of no cause of action and of prematurity filed by defendant insurance company, it is contended that plaintiffs have no right of action against the company because plaintiffs do not allege that any compensation "has been awarded or agreed upon," or that Sam E. Finley, the employer, is "insolvent," or that any judgment was ever rendered against Finley, the employer, in favor of plaintiffs, or that "any execution upon such judgment against him and in favor of plaintiff has ever been returned unsatisfied."

In our opinion, such contentions are without merit in the present suit. In fact Finley, the employer, has passed out of the case. He is not a party to this suit. He has not been served with citation, as he is a nonresident, and has no property in the state. No personal judgment has been obtained, or could have been obtained, against Finley in the present suit, which must be considered, under the circumstances, as instituted against defendant insurance company *alone* upon its direct and primary obligation to pay all compensation due to Jesse E. Wyatt, Finley's employee, or his dependents.

This direct obligation is imposed upon defendant insurance company by section 23 of the Employers' Liability Act, and is expressly assumed by defendant in paragraph one (a) of the policy sued upon, while in paragraph D of the policy defendant recognizes such primary obligation, "whether the claims or proceedings are brought against the Company alone *or jointly with his Employer.*"

Finley, the employer, is not a necessary party to this suit, since it is clear that, under section 23 of the Employers' Liability Act, defendant insurance company may be sued directly and individually on its primary obligation. Such direct obligation gives rise inherently to a direct action, and excludes, ex vi termini, any necessity for prior action against the employer, or the previous discussion of his estate under a judgment first obtained. Such obligation, when enforced in a direct action against the insurance company *alone*, excludes all idea of suretyship or conditional obligation, and of the pleas that may be urged by a surety.

There is no clause in section 23 of the Employers' Liability Act that indicates any secondary or conditional obligation upon the part of defendant insurance company, when sued alone in a direct action under this section. The requirement in section 23 of prompt payment by the insurance company to the person entitled to compensation of "all installments that may be *awarded or agreed upon*" refers necessarily to such compensa-

tion as may be awarded in a suit brought, under this section, by an employee or his dependent directly against the insurance company itself, under its primary obligation assumed in the policy. Compensation *"agreed upon,"* mentioned in section 23, clearly refers to "such *additional* compensation [as] may be provided for by the employer insuring his liability therefor in any insurance company or association authorized to do business in the State of Louisiana," as provided for in section 27 of Act 20 of 1914, the Employers' Liability Act.

Such *additional* compensation, when agreed upon, is assumed necessarily by the insurance company *in its policy* as a direct obligation of the employer carrying insurance against liability under the act. It would be utterly inconsistent if the Legislature of this state should provide in the same section of an act that an insurance company shall be directly bound to an employee of the employer for all compensation due and, at the same time, require that such compensation should be first "awarded or agreed upon" in a suit against the employer, whose liability is protected by the policy.

The defendant insurance company is bound as directly and as fully under its policy, as the employer is bound under the act, to pay all compensation due to the employee or his dependents.

Under section 23 of the Employers' Liability Act, the obligation of the insurance company is primary and not secondary. Hence what good reason can there be for adjusting the loss first against the employer, instead of against the insurance company, which has to pay? Indeed plaintiffs, as the dependents of the deceased employee, are not obliged to sue the employer at all, if they do not so desire, as they have a direct cause of action against the insurance company alone, under section 23 of the act, or a cause of action against the employer alone, or against both the employer and the insurance company, under section 25 of the act.

As Finley, the employer, is not a party to this suit, we do not find it necessary to construe section 25 of the act in the present case.

The rights and obligations of defendant insurance company, as defined in section 25 of the act and in paragraph one (b) and G of the policy, have no application to the present suit, which is a direct action upon a direct obligation, against the insurance company alone.

■ 2. The evidence in the record satisfies us that plaintiffs' son was killed in an accident arising out of and in the scope of his employment. It is true that no one saw the boy when he was struck by the engine and train. The truck, however, that he was driving while hauling asphalt for the road, was on the railroad track at the Sharp Station crossing and was demolished. The boy, the driver of the truck, was seen as he lay dead on a store porch at Sharp Station, where the accident occurred. It is reasonably certain that he was killed by a train at the crossing, although the evidence is not direct.

It is ordered that the judgment of the Court of Appeal for the First Circuit be annulled and reversed. It is now ordered that the judgment of the district court for the parish of East Baton Rouge be reinstated and made the judgment of the court.

O'NIELL, C. J., concurs in the decree.