In its application for a rehearing, the defendant insurance company has directed our attention to the fact that, in our opinion, we did not pass upon its exception to the jurisdiction of the District Court ratione personae.
This exception is based on the premise that an injured employee has no right to sue or join his employer's insurer as a party defendant in a case for workmen's compensation unless the suit is brought either at the domicile of the employer, or at his principal place of business or at the place where the accident occurred. Counsel assert that the reason for this is that Section 24 of the Employer's Liability Act, Act No. 20 of 1914, as amended, provides that "* * * The jurisdiction of the insured for the purpose of this act shall be the jurisdiction of the insurer; * * *."
Counsel, therefore, conclude that the District Court of East Baton Rouge Parish is without jurisdiction over the person of the defendant insurance company because the plaintiff's employer, Campbell, was neither domiciled in that Parish, nor did he conduct his business there, nor did the accident occur there.
The exception is not well founded. The argument made by counsel overlooks Section 23 of the Act which deals with the provisions to be inserted in policies insuring employers against liability to their employees for workmen's compensation. That section declares in part: *Page 461 
"Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name."
Clearly, by the above quoted provision, the injured employee is given a direct action against the insurer of his employer. It was so decided by this Court in the case of Wyatt v. Finley,167 La. 161, 118 So. 874.
While it is true that, in the Wyatt case, the question presented was discussed in passing upon an exception of no cause of action, it was nevertheless specifically held that the employee has a right under Section 23 of the Act to sue the insurer of his employer directly and that in such a suit the employer is not a necessary party to the proceeding. There is no provision contained in that section with respect to the place where the suit shall be brought. In the absence of such a restriction, the provisions of Article 162 of the Code of Practice are applicable.
Hence, since the official domicile of the defendant insurer is admittedly in the Parish of East Baton Rouge, the District Court of the Parish has jurisdiction of the case — and this notwithstanding the provision of Section 24 of the Act that the jurisdiction of the insured shall be the jurisdiction of the insurer. The effect of that provision is to authorize the joinder of the insurer with the employer in a suit brought by an injured employee at the domicile of the employer. It does not restrict the right of the employee to proceed against the insurer directly at the court of its domicile, but merely confers an additional right. The fact that the *Page 462 
defendant employer was joined as a party defendant in this case does not militate against plaintiff's right to sue the defendant insurance company at its domicile for — as was held in Wyatt v. Finley, supra, — the employer was not a necessary party to the proceeding.
The recent decision of this Court in Miller v. Commercial Standard Insurance Co., 199 La. 515, 6 So.2d 646, relied upon by the defendant insurance company is not in point. The question in that suit had reference to the interpretation to be given to the provisions of Act 55 of 1930 which apply to actions ex delicto. This suit is one for compensation and is governed by Act 20 of 1914, as amended.
Counsel for the defendant insurer further say that they are informed that the contract of employment between plaintiff and his employer was entered into in the State of Texas and not in Louisiana (as plaintiff alleges) and that, since the accident occurred in Texas, we should remand the case in order to hear evidence on the question of the jurisdiction of the courts of Louisiana.
We see no reason to grant this request as the question concerning the place where the contract of employment was made is one which is addressed to the merits of the controversy and can be fully considered when the case is tried in the District Court.
The other alleged errors of which the insurer complains in its application are not impressive.
For the reasons assigned, the application for rehearing is refused. *Page 463