9 So.2d 406

**MACK v. W. HORACE WILLIAMS CO. et al.**

**No. 36688.**

**June 29, 1942.**

Durrett & Hardin, of Baton Rouge, for relator.

E. R. Stoker and Fred G. Benton, both of Baton Rouge (Wilson B. Holcombe, of Baton Rouge, of counsel), for respondents.

ODOM, Justice.

The plaintiff, a carpenter, brought this suit to recover compensation under the Workmen's Compensation Acts (Act 20 of 1914 and its amendments) for disability caused by an injury which he received while at work for his employer in the Parish of Rapides. He alleged that while at work he received injuries which totally disabled him to perform any work of a reasonable character, and prayed for compensation at $20 per week for 400 weeks.

He brought suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, against his employer, the W. Horace Williams Company, a copartnership having its domicile in the Parish of Orleans, and against the Employers' Liability Assurance Corporation, his employer's insurer, and prayed for judgment in solido against his employer and the insurance company. He alleged, and it is not denied, that his employer had its domicile in the Parish of Orleans and that the insurance company is a Massachusetts corporation authorized to do, and doing, business in the State of Louisiana.

The W. Horace Williams Company and its insurer, the Employers' Liability Assurance Corporation, filed a plea to the jurisdiction of the court ratione personae, which exception was overruled by the court. The defendants applied to this court for writs, which were granted.

Since plaintiff's employer, the W. Horace Williams Company, has its domicile in the Parish of Orleans and since the plaintiff was injured while at work for his

employer in the Parish of Rapides, he could have brought his suit either in Rapides Parish or in Orleans Parish, under the provisions of Section 18, Act 20 of 1914, as finally amended by Act 81 of 1930. Under the plain provisions of that section of the act, if plaintiff had brought his suit in either parish, neither his employer nor its insurer would have had legal ground to complain of the jurisdiction ratione personae. Because this is true, counsel for defendants argue that the district court of East Baton Rouge Parish has no jurisdiction of this suit.

Their point is well taken in so far as plaintiff's employer is concerned. Its domicile is in the Parish of Orleans, and the plaintiff was injured in the Parish of Rapides. But, as to the employer's insurer, the case is different. The insurer is a foreign corporation authorized to do business in this state, and it is admitted that it has complied with the provisions of the statute which requires that all foreign insurance companies doing business in this state appoint the Secretary of State as their agent for service of process, and that the employer's insurer has a qualified residence at Baton Rouge in East Baton Rouge Parish for all purposes of jurisdiction and legal procedure. Pittman Bros. Const. Co. v. American Indemnity Co., 194 La. 437, 193 So. 699.

It is not denied, and we therefore assume that it is true, that the insurance policy here involved was written in accordance with the provisions of Section 23 of the Employers' Liability Act, as amended by Act 85 of 1926. That section provides that no policy of insurance against liability arising under this act shall be issued "unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon", and that the insurer's obligation "shall not be affected by any default of the insured after the injury". It further provides: "Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name."

This court has repeatedly held that, where an employer is protected by an insurance policy of this kind, his employee, in case of injury, may proceed by direct action against the insurer to collect such compensation as may be due him under the Employers' Liability Act, and that the employer is not a necessary party to such suit. Wyatt v. Finley et al., 167 La. 161, 118 So. 874; Woods v. United States Fidelity & Guaranty Co., 167 La. 411, 119 So. 409; Baker v. Wall Drilling Co. et al., 168 La. 513, 122 So. 711.

Counsel for defendants rely mainly on the provisions of Section 24 of the Workmen's Compensation Act, which provides that "the jurisdiction of the insured for the purpose of this act shall be the jurisdiction of the insurer". They argue that, since the jurisdiction of the insured was in either the Parish of Rapides or the Parish of Orleans, the jurisdiction of the insurer is likewise in either of those parishes and not the Parish of East Baton Rouge. But we disposed of that conten-

tion in our per curiam to the case of Frank Harris v. Traders & General Ins. Co., La. Sup., 8 So.2d 289, 294, handed down on April 28, 1942 (not yet reported [in State reports]).

In that case, as in this one, plaintiff's employer was not domiciled in the Parish of East Baton Rouge, nor was plaintiff injured there. In that case, as here, the employer's insurer was a foreign corporation authorized to do, and doing, business in this state. Plaintiff brought his suit in East Baton Rouge Parish against his employer and his employer's insurer, and the insurance company excepted to the jurisdiction ratione personae of the district court of East Baton Rouge Parish. Counsel for the insurance company made the same argument in support of its exception to the jurisdiction that is made by counsel for the insurance company in this case. In our original opinion in that case, we did not pass upon the exception to the jurisdiction. On application for rehearing, counsel for the insurance company called our attention to the fact that we had failed to pass upon its exception, and insisted that the exception was well founded and that a rehearing should be granted in order that the issue thus raised might be disposed of. We refused the rehearing with a per curiam.

In our per curiam, after quoting that portion of Section 23 of the act which provides that "Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name", we said:

"Clearly, by the above quoted provision, the injured employee is given a direct action against the insurer of his employer. It was so decided by this Court in the case of Wyatt v. Finley, 167 La. 161, 118 So. 874.

"While it is true that, in the Wyatt case, the question presented was discussed in passing upon an exception of no cause of action, it was nevertheless specifically held that the employee has a right under Section 23 of the Act to sue the insurer of his employer directly and that in such a suit the employer is not a necessary party to the proceeding. There is no provision contained in that section with respect to the place where the suit shall be brought. In the absence of such a restriction, the provisions of Article 162 of the Code of Practice are applicable.

"Hence, since the official domicile of the defendant insurer is admittedly in the Parish of East Baton Rouge, the District Court of the Parish has jurisdiction of the case—and this notwithstanding the provision of Section 24 of the Act that the jurisdiction of the insured shall be the jurisdiction of the insurer. The effect of that provision is to authorize the joinder of the insurer with the employer in a suit brought by an injured employee at the domicile of the employer. It does not restrict the right of the employee to proceed against the insurer directly at the court of its domicile, but merely confers an additional right. The fact that the defendant employer was joined as a party defendant in this case does not militate against plaintiff's right to sue the defendant insurance company at its domicile for—as was held in Wyatt v.

Finley, supra,—the employer was not a necessary party to the proceeding."

We adhere to and reaffirm our ruling in that case, which disposes of the contention made by counsel for defendants in the case at bar.

For the reasons assigned, the judgment under review, which overruled the exception to the jurisdiction ratione personae as to both the W. Horace Williams Company and the insurance company, is reversed in so far as the W. Horace Williams Company is concerned, and plaintiff's suit as to it is dismissed; and the judgment is affirmed in so far as the defendant insurance company is concerned; costs of this appeal to be paid by the insurance company, all other costs to await results.