TALIAFERRO, Judge.
Plaintiff sued to recover workmen’s compensation on the basis of permanent total disability to perform manual labor. At the time of the alleged accident he was in the employment of Midland Timber and Tie Company, for whom the Central Surety and Insurance Corporation of Kansas City, Missouri, carried workmen’s compensation insurance. The insurer alone yvas impleaded as defendant.
Plaintiff alleged that on April 28, 1950, “while loading cross ties for the said Midland Timber and Tie Company at Jones-boro, Jackson Parish, Louisiana * * * and while carrying a heavy green gum tie nine feet long and some seven or more inches thick, into a boxcar, and while attempting to place same into' said boxcar, petitioner felt a sharp, keen pain in his left side and groin”, etc. He also alleged “that said injury occurred while petitioner was within the scope -of his employment in a hazardous occupation”, etc.
Defendant denied the quoted allegations of the petition, and all others relative to the alleged accident, and its alleged results.
There was judgment for plaintiff at the rate of Thirty ($30) Dollars per week for twenty (20) weeks, beginning April 28, 1950. Defendant appealed. Pláintiff, answering the appeal, has prayed for increase in the award of the judgment to the amount for which he sued.
In this Court defendant filed a plea to the jurisdiction rations personae of the Eighth District Court to hear and decide the case. In addition to said plea, defendant defends the case on the grounds: (1)- That the injury, if any, is not compensable under the Employer’s Liability Act o-f this State, because the “trade, business and occupation” • of Midland Timber and Tie Company is not hazardous; and (2) That' on the merits the testimony does not support a judgment in plaintiff’s favor.
Anent the exception or plea to the trial Court’s jurisdiction, defendant’s counsel in brief, asks the question : Does the exception or plea 'come too late since it was for the first time filed in this Court?
. The alleged accident occurred in Jackson Parish. The domicile (if any in Louisiana) of the defendant is not alleged in the petition nor otherwise disclosed by the record; neither is an agent for service of process shown. Presumably, service was made on the Secretary of State. ;
Defendant predicates the exception upon Section 1313, Title 23, Volume 3, page 384 of the Revised Statutes of Louisiana, 1950, LSA-RS 23:1313, which reads: “Suits in which the insurer is a defendant which arise out of accidents that happened in .the State of Louisiana may be filed at the domi *549 cile of the employer or in the parish where the accid.ept occurred and at.no other place, whether the action is direct against the insurer alone, or whether the employer is joined therein.”
This law makes is quite certain that the suit should have been filed against the insurer in the parish where the accident happened or in the District 'Court of its domicile, if any, in the State of Louisiana. This was. not done. But, since defendant answered the suit without reservation and trial was had on the issues thus joined, and the case decided by that Court, we do not hesitate to hold that this action of the defendant effectively waived any and all valid, objections it originally had to the jurisdiction of the District Court for Winn Parish, to hear and determine the case.
To support its position on the exception, defendant cites Mack v. W. Horace Williams Co., 200 La. 1042, 9 So.2d 406, and Taylor v. Lock, Moore & Co., Ltd., 164 La. 577, 114 So. 163, from the first of which he quotes. Neither case is apposite. The facts of the Mack case are very much like those of the present case, but there jurisdiction was declined in limine litis. In the Taylor case a lump sum settlement was submitted by joint petition of the plaintiff and defendant to a judge of a District Court that had no jurisdiction whatever of the parties, and was approved by that judge. Lack of jurisdiction of the Court was expressly waived in the petition. Taylor, the plaintiff, after-wards sued in a Court of competent jurisdiction to recover the penalty amount fixed by the Workmen’s Compensation Law in cases where the amount due an employee is discounted in a settlement in excess of eight per cent (8%) per annum. The plea to the jurisdiction was directed against the Court’s right to entertain the suit to annul the lump sum settlement. In other words, it was contended that the suit should have been filed in the Court that approved the settlement. The plea was overruled.
We are of the opinion that Article 93 of the Code of Practice is controlling in a workmen’s compensation case the same as it generally applies to other civil actions. It reads: “If one be cited before a judge whose jurisdiction does not extend to the place of his domicile, or of his usual residence, but who is competent to decide the cause brought before him, and he plead to the merit, instead of declining the jurisdiction, the judgment given shall be valid, except the defendant be a minor.”
It was held in West v. Lehmer, 115 La. 213, 38 So. 969, that after joinder of issue by default, exception to the jurisdiction ratione personae comes too late. Therefore, the exception to, the jurisdiction is overruled.
The Midland Timber and Tie Company does not engage in the manufacture or hauling of cross ties. It maintains yards in different places, near railroad tracks, where it buys and pays for ties delivered to it by persons who own them. According to the testimony it owns no sawmills to manufacture ties, nor trucks or other motor vehicles in which they are hauled. It simply buys them when and where delivered to it. ■
But that part of the employer’s business, that of transporting ties from its loading grounds into box cars, is hazardous under the decision of this Court in Anderson v. International Creosoting & Construction Co., La.App., 41 So.2d 688, 690. We said therein: “It is apropos to ask, and upon the answer thereto depends plaintiff’s right to compensation,—what acts are embraced within the term ‘transportation’ ? We know that moving the ties from the woods, where manufactured, to a railroad right-of-way or yard, is clearly included therein, and we also know that after being loaded on cars or trucks that carry them to their ultimate destination, also comes within the term. Is it not reasonable and logical to- also include, as an element of transportation, the act of carrying the ties from the railway right-of-way dr yard into and depositing them in cars for shipment? We think so.”
The Supreme Court in Hogan v. T. J. Moss Tie Co., 210 La. 362-369, 27 So.2d 131-134, held that transporting ties comes within the term “hazardous occupation”.
As to the nature and extent of plain* tiff’s injuries, the trial judge painstakingly' summarized the testimony of the various doctors who gave evidence in the case and *550 we quote therefrom and adopt as our own the conclusions reached by him, regarding this testimony, to-wit:
“On tlie occasion plaintiff was injured, he and one other person was engaged at that time in carrying the ties from the yard into the car, and plaintiff carried all of his ties on the right shoulder. Hence, when he entered the car with a nine-foot tie on his right shoulder, it was necessary for him to lift the tie over his head and throw it down on the stack to his left. While he was performing this service, which was being done in response- to his employment for defendant, according to his testimony, he felt a sharp, keen pain in his left side and groin, which is corroborated by the other party carrying another tie into the car who heard the complaints of plaintiff at the time by saying'T have torn something in my side,’ and when plaintiff returned to get another tie, hie requested, the straw boss in charge of the crew at that moment to let him lift ties rather than carry any more on his shoulder because of the injury he had just received.
“The six men loading that car finished the loading within a short time, after which they quit for the .balance of the day since plaintiff claimed to have received his injury.
“Plaintiff did not see a doctor until next morning. He consulted Dr. Roy V. Martin of Winnfield, Louisiana, which was on-April 29, 1950. Dr. Martin made an examination, and according to his testimony found evidence of a strained rectus muscle. He was treated for several days by Dr. Martin, who endeavored to get the foreman’of the job, Mr. Ates, to come to his office and arrange about the‘treatment, and failing to do so he ceased to treat the plaintiff any further.
“During the time plaintiff was being treated by Dr. Martin, Dr. Victor Bolton, who was associated with Dr. Martin at the clinic, on May 6, 1950, made an independent examination of plaintiff, and his testimony and report shows that he could find nothing wrong with plaintiff at that time.
“On June 27, 1950, Dr. T. A. Dekle of Jonesboro, Louisiana, examined plaintiff and found that plaintiff had a tenderness in the left groin over the area of the va's deferens and spermatic cord, and at that time he did not consider that plaintiff-was able to perform such manual labor as required to load heavy ties.
“On July 25, 1950, Dr. Paul King Rand o-f Alexandria, Louisiana, examined plaintiff, and his testimony shows that he .found plaintiff normal except there were a few pus cells and red cells in his urine. Otherwise, he found no evidence indicating an injury from trauma or disease.
“About the latter part of August, 1950, Dr. John R. McElwee of Winnfield, Louisiana, and connected with the General Hospital in Winnfield, examined and treated plaintiff for what he called epididymitis and vasculitis of the left side. It seems that he was taken suddenly at his home with suffering and was carried to the General Hospital for treatment by Dr. John T. Mosley of Winnfield, Louisiana, who is also connected with the General Hospital, but in the absence of Dr. Mosley, he was treated by Dr. McElwee, and was .examined at the same time by Dr. G. M. Rodgers of Winnfield, Louisiana, and who is likewise connected, with the General Hospital of Winnfield, with the same result found by Dr. McElwee. After a few days’ • treatment, it seems that plaintiff was discharged and returned to his home; but the doctors who discovered this condition testified that with complete rest and care of physician a few days plaintiff should be fully recovered from the condition he was in at the time he was brought to the hospital.
“It is shown by the testimony that Dr. John T. Mosley treated plaintiff from time to time for his condition, but he did not testify for some reason. It occurs to- the Court that his testimony would have weight to establish the physical condition of plaintiff.
“With the exception of Dr. Rodgers and Dr. McElwee, the other physicians who examined plaintiff seem to have done so- for only once and at different times, except the last few days before trial he seems to have been re-examined by some of these physicians, and report from the last examination show that there was no physical condition that would justify plaintiff’s complaint.
* * * ‡ * *
“The difficult question from the testimony is to determine just the extent and nature of *551 the injury.. It may be that plaintiff’s physical condition was such that the act would not have caused injury to á normal condition, but it does seem that'he did suffer thereafter from an ill condition of the epi-didymis and vas deferens, and that the act performed by him at least aggravated that condition, which seems to have partially cleared up, at least, by treatment from time to time. This is shown by the condition found by the different doctors examining plaintiff at different times from April 28, 1950, until after the latter part of August of the same year.
“Since that time the medical experts have not been able to find any trace of his, former condition.
“Hence, I am convinced by the testimony that plaintiff is not permanently and totally disabled. He is entitled from the facts in the case to recover compensation from April 28, 1950, for a period not exceeding 20 weeks with legal interest thereon until paid.”
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs.