131 So.2d 46

John R. GRAND, Jr.

v.

AMERICAN GENERAL INSURANCE CO. et al.

No. 45551.

May 29, 1961.

Rehearings Denied June 29, 1961.

Kantrow, Spaht, West & Kleinpeter, Baton Rouge, for plaintiff-appellant.

Kennon, White & Odom, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendants-appellees.

SANDERS, Justice.

Under the authority of Section 25 of Article VII of the Louisiana Constitution of 1921, LSA, and LSA–R.S. 13:4449, the Judges of the Court of Appeal, First Circuit, have certified to us the following question of law:

"Under the provisions of LSA–R.S. 22:655 (The Louisiana Direct Action Statute) which permits bringing an action directly against an insurer at the domicile of either the insured or insurer, is the residence of the Secretary of State, State of Louisiana, in the Parish of East Baton Rouge, Louisiana, the 'domicile' of each alien insurer whom the Secretary of State represents as statutory agent for service of process, thereby vesting in the courts of East Baton Rouge Parish venue of direct actions brought against all foreign insurers whom the Secretary of State represents as agent for service of process?"

The facts and contentions, formulated by the Court of Appeal and supported by the record before us, are as follows:

"On March 25, 1960, plaintiff herein, John R. Grand, Jr., instituted a tort action in the Parish of East Baton Rouge, State of Louisiana, directly against defendants American General Insurance Co. and New Amsterdam Casualty Co. (alien corporations domiciled in other states) pursuant to the provisions of LSA–R.S. 22:655 (The Louisiana Direct Action Statute), to recover damages allegedly sustained in an automobile accident which occurred in Orleans Parish, Louisiana, April 25, 1959. The assured of defendant American General Insurance Co. is a resident of the State of Texas and the assured of defendant New Amsterdam Casualty Co. is domiciled in Orleans Parish, Louisiana.

"Plaintiff Grand contends that the courts of East Baton Rouge Parish, Louisiana, possess venue of this action because under The Louisiana Direct Action Statute (LSA–R.S. 22:655) suit may be brought directly against an insurer in the parish wherein either the insured or insurer is domiciled and, for the purpose of determining venue under the Louisiana Direct Action Statute, all foreign insurers are domiciled in East Baton Rouge Parish by virtue of the residence there of the Secretary of State, State of Louisiana, who is the statutory agent for service of process upon all such insurers.

"On the contrary, defendant maintains the word 'domicile' as used in The Louisiana Direct Action Statute has a much broader meaning than the residence of the agent for service of process upon a foreign corporation and that although the

Secretary of State is defendants' agent for service of process, it does not follow that the residence of said official is the 'domicile' of each foreign insurer whom he represents in said capacity. In addition, defendant contends that to hold that the residence of the Secretary of State is the domicile of all foreign insurers who may be served with process through said official is but to confuse the domicile of foreign insurers with the place wherein such insurers may be served with civil process. Finally, defendant contends The Louisiana Direct Action Statute is a special venue provision of this state and, as such, is to be strictly interpreted and construed and since it does not provide that an insurer may be sued directly at every place wherein it may be cited, it cannot be sued in East Baton Rouge Parish on the theory that each such insurer is domiciled in said parish merely because of the residence there of its agent for service of process.

In the district court, the defendants filed exceptions to the jurisdiction ratione personae. These exceptions were maintained, and the plaintiff's suit was dismissed. The plaintiff appealed to the court of appeal which certified the question of law to us for instructions.

 In view of the fact that the question certified is the sole point at issue and the record of the case is before us, we have elected to exercise the discretion vested in us by Section 25, Article VII of the Constitution and decide the whole matter in controversy in the same manner as if it had been lodged here on appeal. See Louisiana Wholesale Distributors Ass'n, Inc. v. Rosenzweig, 214 La. 1, 2, 36 So.2d 403.

Concisely stated, the issue posed is whether or not in direct actions against foreign insurers qualified to do business in this state, "the parish where the * * * insurer is domiciled" is East Baton Rouge Parish, wherein the Secretary of State has his residence.

The Louisiana Direct Action Statute, LSA–R.S. 22:655, which is part of the Insurance Code, provides:

"* * * The injured person or his or her survivors or heirs hereinabove referred to at their option, *shall have a right of direct action against the insurer* within the terms and limits of the policy in the parish where the accident or injury occurred or *in the parish where the insured or insurer* [1] *is domiciled,* and said action may be brought against the insurer alone or

---

1. Compare Article 42(7), LSA–Code of Civil Procedure, which fixes the general venue of suits against foreign or alien insurers in the Parish of East Baton Rouge. In note (e) thereunder, the reporters state that this provision effected no change in the rules found in the Insurance Code relating to insurers.

against both the insured and insurer jointly or in solido, at the domicile of either or their principal place of business in Louisiana * * *." (Italics ours.)

In its original form in the Louisiana Revised Statutes of 1950, this section read:

"The injured person or his or her heirs, at their option, *shall have a right of direct action against the insurer* within the terms and limits of the policy in the parish where the accident or injury occurred or *in the parish where the insured has his domicile,* and said action may be brought against the insurer alone or against both the insured and the insurer, jointly and in solido." (Italics ours.)

It was subsequently amended by Act 475 of 1956 so as to read:

"The injured person or his or her survivors hereinabove referred to, or heirs, at their option, *shall have a right of direct action against the insurer* within the terms and limits of the policy in the parish where the accident or injury occurred or *in the parish where the insured or insurer is domiciled,* and said action may be brought against the insurer alone or against both the insured and insurer, jointly and in solido, at either of their domiciles or principal place of business in Louisiana." (Italics ours.)

No change was effected in the pertinent language by its reenactment in Act 125 of 1958.

Under a former direct action statute (Act 55 of 1930), this Court had occasion to consider the identical question here presented in the case of Miller v. Commercial Standard Ins. Co., 199 La. 515, 6 So.2d 646, 648. Therein we held that the District Court for the Parish of East Baton Rouge did not have jurisdiction of a direct action against a foreign insurer. We pointed to the language of the statute which at that time limited the venue to "the parish where the accident or injury occurred, or in the parish where the assured has his domicile * * *." It is clear that the legislature intended in Act 475 of 1956 to accomplish a change in the law as announced in that case by authorizing suit at the domicile of the insurer.

When a foreign insurance company knocks at the door of this state, statutory qualification procedures are provided for it. Among them is the appointment of the Secretary of State as its agent for service of process.

LSA–R.S. 22:985 provides:

"Every foreign or alien insurer shall appoint the secretary of state to be its true and lawful attorney in this state upon whom, or some other person in his office during his absence he may designate, all lawful process in any

action or proceeding against such insurer may be served, which shall constitute service on such insurer * *."

In compliance with these procedures, the appellees have designated the Secretary of State as their agent for process in suits against them.

█ It is strenuously contended by the appellees that a corporation can have only one domicile which is immobilized in the state of its origin. We accept this as an accurate formulation of the historic concept of corporate domicile. However, it is not without modifications and exceptions. For purposes of jurisdiction and venue, a corporation may acquire a qualified domicile or residence in other states by which it has been officially admitted to do business. This practical rule is basic to an effective exercise of state judicial power over the corporation. By availing themselves of the qualification procedures, the appellees in the instant case acquired a qualified domicile or residence for the purpose of venue coincident with that of the Secretary of State in the Parish of East Baton Rouge. Noyola v. Norske Lloyd Ins. Co., 163 La. 82, 111 So. 607; Pittman Bros. Const. Co. v. American Indemnity Co., 194 La. 437, 193 So. 699; Harris v. Traders & General Ins. Co., 200 La. 445,

8 So.2d 289; Mack v. W. Horace Williams Co., et al., 200 La. 1042, 9 So.2d 406; Ellington v. Ellis & Dorsett et al., 2 La. App. 715; Herring v. National Reserve Life Insurance Co., La.App., 104 So.2d 264. See also 23 Am.Jur., Foreign Corporations, § 32, p. 44, § 36, p. 47; 129 A.L.R. 1286.

In Pittman Bros. Const. Co. v. American Indemnity Co., supra, [194 La. 437, 193 So. 700] we considered the effect of the qualification of a foreign insurer under a former statute. Therein we said:

"The compliance with the provisions of Act No. 19 of 1934 by defendant, The American Indemnity Company, a foreign corporation, has likewise domesticated that corporation for the purposes of jurisdiction and legal process in this case, and the place of its residence, in so far as the service of legal process is concerned, is necessarily the office of the Secretary of State at Baton Rouge, Louisiana." [2]

In Noyola v. Norske Lloyd Ins. Co., supra, this Court was concerned with the place of residence of a foreign insurer under the provisions of Article 180 of the Louisiana Code of Practice of 1870 relating to the delay for answering a citation. After referring to the appointment of the

---

2. Compare the cases wherein this Court has held that a qualified foreign corporation is not subject to non-resident attachment. Burgin Bros. & McCane v.

Barker Baking Co., 152 La. 1075, 95 So. 227; Fullilove v. Central State Bank, 160 La. 831, 107 So. 590.

Secretary of State as agent for process, the Court concluded:

"Therefore said corporation acquired a qualified residence within the state for the purpose of its business, and became domesticated, at least, for all purposes of jurisdiction and legal procedure. The place of its residence, in so far as the service of legal process is concerned, is necessarily the office of the secretary of state at Baton Rouge."

In Mack v. W. Horace Williams Co., et al., supra, the plaintiff instituted suit for workman's compensation against his employer and the Employers' Liability Insurance Corporation, Limited, a foreign insurance company, in East Baton Rouge Parish. Each defendant filed a plea to the jurisdiction ratione personae which was overruled by the district court. Writs were granted by this Court. This Court affirmed the trial court's ruling as to the foreign insurer only. In disposing of the question of whether the insurer had its "domicile or residence" in East Baton Rouge Parish as provided in Article 162 of the Louisiana Code of Practice of 1870, the Court stated:

"Their point is well taken in so far as plaintiff's employer is concerned. Its domicile is in the Parish of Orleans, and the plaintiff was injured in the Parish of Rapides. But, as to the employer's insurer, the case is different. The insurer is a foreign corporation authorized to do business in this state, and it is admitted that it has complied with the provisions of the statute which requires that all foreign insurance companies doing business in this state appoint the Secretary of State as their agent for service of process, and that the employer's insurer has a qualified residence at Baton Rouge in East Baton Rouge Parish for all purposes of jurisdiction and legal procedure." [200 La. 1042, 9 So.2d 407]

Thus the strong overtones of prior jurisprudence join with the history and context of the statute to force a conclusion that domicile of the insurer means residence within the State of Louisiana for venue purposes. It applies to foreign as well as domestic insurers. In the case of foreign insurers for which the Secretary of State is agent for process, it denotes the residence of the Secretary of State.

A contrary conclusion, based upon a rigid application of the technical concept of corporate domicile, would introduce into the venue system a curious dichotomy. Under it some litigants against foreign insurers would find a forum in East Baton Rouge Parish by virtue of Article 42(7), LSA–Code of Civil Procedure; others who seek relief by direct action would be forced into a search for an often less convenient forum elsewhere. The salutary thrust of

the law toward harmony and simplicity would be turned aside.

We hold that the domicile of the appellees under the venue provision of the Louisiana Direct Action Statute, LSA–R. S. 22:655, is in the Parish of East Baton Rouge.

For the reasons assigned, the judgment of the district court sustaining the exceptions to the jurisdiction is reversed, and the case is remanded for trial. The costs of the appeal are to be paid by the defendants-appellees. All other costs are to await the outcome of the suit.

131 So.2d 50