LOTTINGER, Judge.
Plaintiffs, as original tortfeasors in a previous suit against whom judgment was rendered, filed this suit against Kenneth N. Adatto, M.D., and his malpractice insurer, St. Paul Fire & Marine Insurance Company, alleging that Adatto’s malpractice was a cause of the damages suffered by plaintiff in the previous suit, and that they are entitled to recover same as against these defendants.
PROCEDURAL BACKGROUND
A.R. Cutrer filed suit in East Baton Rouge Parish against M.A. Coston, Dixie Electric Membership Corporation (Coston’s employer) and Federated Rural Electric (Coston’s and Dixie’s insurer) for damages sustained in an automobile collision. Federated Rural filed a third party demand against Dr. K.N. Adatto alleging Cutrer’s disability resulted not from the collision but rather from surgery Adatto performed on Cutrer. This third party demand was dismissed as premature because it had not been presented to a medical review panel. After a trial on the merits Cutrer was awarded $250,000.00 against Coston, Dixie Electric and Federated Rural in solido. Apparently, Federated Rural paid the entire judgment.
Subsequently, Coston, Dixie Electric and Federated Rural filed this suit. Adatto and St. Paul filed a peremptory exception of no right of action against Coston and Dixie Electric based on the fact that Coston and Dixie Electric had not paid any of the judg *199 ment rendered against them. The exception was sustained leaving Federated Rural as the only party plaintiff.
Adatto and St. Paul then filed a motion to transfer the suit from East Baton Rouge Parish to Orleans Parish based on La.Code Civ.P. art. 123. Federated Rural opposed the transfer arguing that its domicile was East Baton Rouge Parish, and therefore transfer of the suit was precluded by the language of the statute. The trial judge agreed, and the motion to transfer was denied.
ISSUE
The sole issue is whether Federated Rural, a foreign insurer authorized to do business in Louisiana, is domiciled in East Baton Rouge Parish so as to preclude transfer of the suit to Orleans Parish pursuant to La.Code Civ.P. art. 123.[1]
I
Federated Rural, the only plaintiff remaining in the instant suit, is a foreign insurer authorized to do business in Louisiana. Dr. Adatto is domiciled in Orleans Parish. St. Paul is a foreign insurer whose registered agent is the Secretary of State in East Baton Rouge Parish. Because defendants Adatto and St. Paul are solidary obligors, venue is proper in East Baton Rouge Parish. La.Code Civ.P. arts. 42(7) and 73. Defendants argue the suit should be transferred to Orleans Parish based on forum non conveniens pursuant to La. Code Civ.P. art. 123. In support, defendants cite the fact that the alleged malpractice occurred in Orleans Parish. In addition, defendants contend that of all the persons anticipated to be called as witnesses, fifteen reside in Jefferson and Orleans Parishes, while only eight reside elsewhere (three in East Baton Rouge, three in Tangi-pahoa, two out of state). Federated Rural contends the transfer is not possible because it is domiciled in East Baton Rouge Parish, and therefore according to the statute the suit shall not be transferred.
II
La.Code Civ.P. art. 123 provides:
For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court’s own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought, provided, however, that no suit brought in the parish of which the plaintiff is domiciled, and which court is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this article. (emphasis supplied).
In C.J.S. we note:
Corporations have no domicile, residence, or citizenship in the sense in which those words apply to natural persons, but only in a metaphorical sense. ... In the absence of statute, a corporation can have but one domicile.
***** *
The general rule, sometimes expressly declared by statute, is that a corporation’s domicile or residence, within the state of its creation, is in the county and city, town, or district in which its principal office or place of business is located, although it may also have offices or places of business elsewhere. [Footnotes omitted] [C.J.S., Corporations, § 176, pp. 583-584]
******
However, for some purposes and within some statutes, foreign corporations with an office or doing business within the state are deemed to be residents of the state. Thus, foreign corporations may be found within a state other than that of their creation for the purpose of being served with process.... [Footnotes *200 omitted] [C.J.S., Corporations § 1794, p. 18]
All domestic corporations shall maintain a registered office. La.R.S. 12:104(A). The registered office shall be considered the domicile of the corporation for all purposes. La.R.S. 12:104(B). Although the law requires a foreign corporation to maintain a registered office (La.R.S. 12:308), this office is not designated as the foreign corporation’s domicile.
Ill
A foreign corporation may change its domicile to this state by complying with all necessary statutory requirements. La.R.S. 12:164. See Brown v. Bernard, 376 So.2d 1034 (La.App. 1st Cir.1979), in which this court found that to effect a “change-of-domicile” a foreign insurer must comply with the requirements for change of jurisdiction of incorporation (La.R.S. 12:164) and with the requirements for incorporation of domestic insurers (La.R.S. 22:31, et seq.).
In ruling that Federated Rural was domiciled in East Baton Rouge Parish the trial judge apparently placed great weight on Grand v. American General Insurance, 241 La. 733, 131 So.2d 46 (1961). In Grand, the Supreme Court in interpreting La.R.S. 22:655 as it then read, said:
By availing themselves of the qualification procedures, the appellees in the instant case acquired a qualified domicile or residence for the purpose of venue coincident with that of the Secretary of State in the Parish of East Baton Rouge.
Despite the above language, Grand is inapplicable to the instant case. At the time Grand was handed down La.R.S. 22:655 read as follows: “The injured person ... shall have a right of direct action against the insurer ... in the parish where the insured or insurer is domiciled.” However, La.R.S. 22:655 has since been amended to delete any references to the “domicile” of the insurer (who is necessarily a foreign insurer). Thus, La.R.S. 22:655 now reads: “The injured person ... shall have a right of direct action against the insurer ... in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure.” La.Code Civ.P. art. 42(7) states that an action against a foreign or alien insurer shall be brought in the parish of East Baton Rouge.
IV
Federated Rural simply wants the court to recognize that it has a Louisiana domicile in East Baton Rouge Parish for purposes of La.Code Civ.P. art. 123.
Under the concepts of “minimum contacts”, foreign insurers are amenable to suit in this state under certain circumstances, i.e., the courts of this state have jurisdiction over foreign insurers. Because of this, the legislature, through the Code of Civil Procedure, must designate a parish in which venue and service of process are proper. However, the designation of a parish as the “home parish” of the foreign insurer for venue and service of process purposes does not make that parish the foreign insurer’s domicile.
In relying on Grand, the trial judge fell into error. The language of La.R.S. 22:655 has been changed and no longer makes mention of domicile of a foreign corporation. Thus we conclude that Federated Rural has no domicile in East Baton Rouge Parish either as a defendant or as a plaintiff. Federated Rural has only a designated “home parish” in which venue and service of process are proper in instances in which it is named as a defendant in a lawsuit.
Therefore, for the above and foregoing reasons the writ is made peremptory and the trial court is directed to vacate its judgment denying the motion to transfer and to reconsider the motion based on forum non conveniens pursuant to La.Code Civ.P. art. 123.
WRIT MADE PEREMPTORY.

. Under La.Code Civ.P. art. 42(7), for venue purposes, suit against a foreign insurer is to be brought in East Baton Rouge Parish. There is no procedural rule concerning foreign insurers acting as plaintiffs.