LANDRY, Judge.
Plaintiff, Julia Huff Hancock, prosecutes this appeal from a judgment of the Seventeenth Judicial District Court, Terrebonne Parish, transferring her suit (for work *48 men’s compensation benefits) against her employer, Rite-Care Poultry Company, Inc., and its compensation insurer, Liberty Mutual Insurance Company, to the Eleventh Judicial District Court, DeSoto Parish, Louisiana, upon said defendants’ exceptions to the jurisdiction over the subject matter (rati one materiae). Defendants have moved dismissal of plaintiff’s appeal on the ground the judgment transferring plaintiff’s action from Terrebonne to DeSoto Parish is an interlocutory judgment in that it does not determine the merits of the case and is not appealable inasmuch as it will not .result in irreparable injury to appellant.
The facts giving rise to this litigation are not in dispute and the issue presented is purely one of law, namely, whether the learned trial judge properly transferred plaintiff’s suit from Terrebonne Parish to DeSoto Parish pursuant to authority of LSA-C.C.P. Article 121.
Insofar as they are pertinent to the issue before us the circumstances resulting in the instant matter may be briefly summarized as follows: Plaintiff, Julia Huff Hancock, alleging she was a resident of Terrebonne Parish, filed suit against her said employer and its compensation insurer, in Terrebonne Parish, praying for compensation for injuries accidentally befalling her in the course and arising out of her employment by defendant, Rite-Care Poultry Company, Inc., whose domicile is Caddo Parish. The accident occurred in DeSoto Parish. Trial of the case commenced in the Seventeenth Judicial District Court, Terrebonne Parish, during which it developed (upon testimony elicited from Mrs. Hancock) plaintiff was in fact a resident of the State of Texas. Thereupon defendants filed exceptions to the court’s lack of jurisdiction over the subject matter predicated upon LSA-R.S. 23:1313 which vests trial courts with jurisdiction in workmen’s compensation cases (1) at the domicile of the employer; (2) in the parish where the accident occurred, and (3) at the domicile of the plaintiff. Our learned brother below concluded the Seventeenth Judicial District Court was without jurisdiction over the subject matter of plaintiff’s complaint and transferred the matter to DeSoto Parish as hereinabove indicated.
In answer to appellees’ motions to dismiss the instant appeal, astute counsel for appellant suggests the judgment appealed is final inasmuch as it terminates this matter insofar as concerns the District Court of Terrebonne Parish.
Defendants’ contention the issue presented is one of jurisdiction over the subject matter is based on the premise LSA-R.S. 23:1311-1313, inclusive, in effect provide a suit for workmen’s compensation benefits may be brought only at the domicile of the plaintiff, the place where the accident occurred, the domicile of the employer and no other place. Learned counsel for ap-pellees reasons the aforesaid statutory provisions confer upon district courts jurisdiction to hear compensation cases only in the instances noted, the intent of the statute being to prohibit trial courts from hearing or taking jurisdiction over such matters under any circumstances save those therein provided. In substance the argument is to the effect the statute empowers district courts to hear and determine compensation cases only under those circumstances enumerated. The corollary of the foregoing position is simply that since the statute provides for jurisdiction in the respects mentioned and states such actions may not be brought in any other place, a court which does not meet the statutory requirement is without right or power to try such a matter.
Admittedly ingenious, the argument of counsel for appellees is, nevertheless, without merit. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. Article 2.
*49 Our careful consideration of LSA-R.S. 23:1311-1313, leads to the conclusion the provisions thereof designating the places where suits for workmen’s compensation benefits may be brought do not relate to the jurisdiction of the courts over the subject matter as defined in LSA-C.C. P. Article 2 but instead, relate to venue, or the place where an action is to be brought. We detect nothing in the statute indicative of legislative intent to deprive district courts of the power to hear compensation cases predicated upon the nature or object of the demand or the amount in suit. On the contrary, the statute confers upon district courts jurisdiction to try all compensation cases irrespective of the amount in dispute. The issue of whether the aforesaid statutory provisions .relate to jurisdiction or venue has already been decided adversely to appellees’ contention by our brothers of the Second Circuit in Ceasar v. Central Surety & Ins. Corp., 52 So.2d 547 and, needless to say, we concur in the conclusion expressed therein.
The issue, being a question of venue rather than jurisdiction over the subject matter, is a matter which must be raised by declinatory exception filed in limine litis. Defendants, therefore, by making an appearance without so pleading, have waived the objection to the venue otherwise available to them. LSA-C.C.P. Article 925. Any objection which might have been available to defendants predicated upon an alleged lack of jurisdiction over the persons of defendants was also waived by the answer and general appearance filed herein. LSA-C.C.P. Article 7.
The applicable provisions of Article 121 LSA-C.C.P., in pursuance of which our learned brother below transferred plaintiff’s cause of action to the District Court, DeSoto Parish, reads as follows:
“Art. 121. Action brought in improper venue; transfer
“When an action is brought in a court of improper venue the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.”
Paragraph (b) of the official revision comments to the foregoing article states:
“(b) This article presupposes a timely objection to the venue; otherwise the defendant waives the improper venue.”
In the case at bar it is clear the exception being one of improper venue was untimely filed and should have been overruled by the trial court. Therefore, when the trial court ordered transfer of appellant’s cause after commencement of trial, it did so without power or authority.
We deem immaterial the circumstance of defendants’ unawareness of the true facts affecting venue until after trial commenced. Waiver of venue (and jurisdiction ratione personae) is accomplished by appearance and joinder of issue. Had defendants entertained the slightest doubt respect proper venue predicated upon plaintiff’s misrepresentation of her residence or domicile, the issue could have been resolved by the simple expediency of an initial exception of improper venue coupled with a request for discovery deposition to determine the veracity of plaintiff’s allegations respecting residence or domicile. Such initial pleading would not have waived defendants’ .rights to raise the issue of improper venue. LSA-C.C.P. Article 925.
Conceding, arguendo, LSA-R.S. 23:1311-1313, inclusive, relate to jurisdiction over the subject matter rather than venue (as held by the trial court), the order of transfer issued herein was equally without authority for the reason LSA-C.C.P. Article 121 permits transfer only in instances of improper venue. Further assuming the issue is one of jurisdiction over the subject matter this cause could not be properly transferred to the District Court, DeSoto Parish, even under the pro *50 visions of LSA-C.C.P. Article 932 which authorizes transfer of an action brought in a court of improper jurisdiction, the obvious reason being the court which transferred the matter has identical original jurisdiction as the court to which the cause was ordered transferred. It follows that if the District Court, Terrebonne Parish, is without jurisdiction over the subject matter of plaintiff’s suit the District Court, DeSoto Parish, also lacks the inherent authority and power to hear the object of such a demand. It would be otherwise, of course, if defendants were herein urging timely filed pleas of alleged lack of jurisdiction over their .respective persons.
Granting the judgment appealed from is not a final judgment inasmuch as it does not dispose of the case on its merits, we do not subscribe to appellees’ contention it does not cause appellant irreparable injury. As herein previously shown, the trial court was utterly without authority to transfer this matter and was absolutely powerless to do so under the circumstances. Since the Seventeenth Judicial District Court, Terrebonne Parish, has jurisdiction over the subject matter and defendants have waived their right to object to either the venue or the jurisdiction of that court over their .respective persons (See LSA-C.C.P. Articles 6 and 7) plaintiff has consequently acquired- the right to have her case tried in that parish. In our judgment said right is a vested interest and anything which deprives her of the privilege or renders the exercise thereof more onerous results in irreparable injury, particularly where the court was absolutely without authority to effect the transfer of which appellant complains.
Learned counsel for appellees has cited several old cases which evidently hold an order transferring a case does not result in irreparable injury and is, therefore, not appealable. Some of said authorities are clearly inapplicable inasmuch as they do not concern questions of venue. Our reading of the cited authorities discloses they involve orders transferring cases from one division to another division of the same court (Hernsheim & Bro. v. Levy & Co., 33 La.Ann. 1283; Bajourin v. Ramelli, 34 La.Ann. 1216) ; a transfer from a District Court to a City-Parish Court in the same District (Kelly v. Breedlove, 9 Mart. (0. S.) 492) ; from a District Court to a Commercial Court (Powell v. Kellar, 1 La.Ann. 25). We deem it sufficient to state the remaining authorities relied upon by ap-pellees are inapplicable because they involve procedures unknown to modern Louisiana practice.
We deem appropos the issue presently under consideration, the following revision comments to Article 121 LSA-C.C.P.:
“(a) This represents an innovation in Louisiana procedure. Former R.S. 13:4441 contains a somewhat similar provision with respect to appeals taken to the wrong court. See, also, Rule 89, Texas Rules of Civil Procedure. The reason for the rule is, of course, to eliminate needless costs and delays.”
In the instant case dismissal of plaintiff’s appeal would clearly result in a multiplicity of trials and appeals. This matter has already been partly tried in the Seventeenth Judicial District Court. After a new trial in the Eleventh Judicial District Court, plaintiff, either as appellant or, in answer to an appeal taken by defendants from an adverse judgment of the Distinct Court, DeSoto Parish, would be entitled to an adjudication upon the propriety of the judgment of the District Court, Terrebonne Parish, transferring her cause. Since, as we have pointed out, the order of transfer was without authority and therefore invalid, a new trial would be ordered held in Terrebonne Parish where the suit originated and the judgment of said latter court would then be appealable.
In addition, if this court declined to consider the legality of the transfer at this time it would result in the anomaly of an appellate court ruling upon the legality of an order of an inferior tribunal over which the appellate court has no jurisdiction. *51 This is necessarily so because any appeal from a judgment of the District Court, DeSoto Parish, upon which the propriety of the transfer could be presented, would lie in the Court of Appeal, Second Circuit, not this present Court of Appeal.
The above considerations, together with the multiplicity of trials, appeals, delays and added costs which would inevitably result from the dismissal of this appeal, compels the conclusion the judgment herein appealed would, if permitted to stand, result in irreparable injury and is therefore an appealable judgment.
For the reasons hereinabove set forth:
It is ordered, adjudged and decreed the judgment of the trial court ordering this matter transferred to the Honorable Eleventh Judicial District Court, DeSoto Parish, be and the same is hereby .reversed, annulled and set aside and this matter remanded to the trial court for completion of the trial begun therein, according to law.
Reversed and remanded.