DOMENGEAUX, Judge.
This appeal involves the unusual situation of a workmen’s compensation suit being filed by an employer. Specifically, we are concerned with La.R.S. 23:1311 which reads:
“In case of dispute over or failure to agree upon a claim for compensation between employer or employee, or the dependents of the employee, either party may present a verified petition to the district court which would have jurisdiction in a civil case, or to the district court of the parish in which the injury was done or the accident occurred, or to any court at the domicile, or at the principal place of business of the defendant, having jurisdiction of the amount of dispute, at the option of the plaintiff. The petition should set forth the names and residence of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of the wages being received at the time of the accident, the knowledge of the employer or notice of the occurrence of the accident and injury, and such other facts as may be necessary and proper for the information of the court, and to give the other party sufficient information to enable him to intelligently answer and defend the complaint; it should also state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which in this Chapter are made conditions under which compensation may be granted.”
Plaintiff-employer, Ashy Enterprises, Inc., a Louisiana corporation with its principal place of business and domicile in St. Landry Parish, Louisiana, filed a suit in the district court of that parish against defendant, Overland Jagneaux, a former employee, for determination of its liability for workmen’s compensation benefits and requesting a court order causing the defendant to submit to certain medical examinations, all in connection with an alleged work related accident. According to the pleadings, the defendant was domiciled in Lafayette Parish and the alleged accident took place in Lafayette Parish.
Defendant-employee filed an exception to the jurisdiction of the court, and after hearing thereon, the trial court sustained the exception and dismissed the employer’s suit, however, reserving to the employer leave to file a new action in a court of proper jurisdiction and venue.
Plaintiff-employer has appealed.
The trial judge reasoned that, although the exception was styled as an exception to the jurisdiction, in reality, the question of venue was raised, and that St. Landry Parish was not a court of proper venue for the adjudication of the questions raised by the employer. We agree.
*1070 La.R.S. 23:1311 relates to venue, or the place where the action is to be brought, and not to the jurisdiction of courts over the subject matter. Hancock v. Liberty Mutual Insurance Company, 155 So.2d 47 (La.App. 1st Cir. 1963).
Plaintiff-employer suggests that because the statute states “either party may present a verified petition to the district court which would have jurisdiction in a civil case, . .St. Landry Parish is a proper parish to file this suit because that parish has original jurisdiction in “a civil suit.”
We conclude otherwise. Under La.R.S. 23:1311, in the present posture of this controversy, the employer can only file this suit in Lafayette Parish, which is the defendant-employee’s domicile and the place where the alleged accident occurred and the injury done.
This being a matter of venue, and not jurisdiction, to adopt the suggestion made by appellant would be in effect to allow venue to be proper in any workmen’s compensation case in any district court in the State of Louisiana which would have jurisdiction “in a civil case.” This would basically destroy the theory behind venue and would render the rest of the statute meaningless.
We therefore conclude that the district court judgment is correct, and that the employer’s suit was properly dismissed.
All costs are assessed against appellant.

AFFIRMED.